## THE PILOT ROCK CREEK CANAL CO. *v.* CHAPMAN *et als.*

The granting or refusing a continuance rests in the sound discretion of the Court below; and even when the facts show that the action of the Court below approached nearly to an arbitrary exercise of its discretion, that action will not be reviewed unless there has been a motion for a new trial, and the application supported by the affidavits of the absent witnesses, if such affidavits can be obtained, or if not, then it should be shown to the Court that they cannot be obtained. Unless this be done, this Court will not interfere, in civil cases, with the action of the lower Court.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action brought to recover damage done to a ditch by reason of defendants mining in the cañon above, and running down sediment and earth into the ditch.

Defendants alleged that they were miners, and claimed priority of location and working their claim.

When the case was called for trial, defendants moved for a continuance of the case on the ground of absent witnesses.    This motion was based on the affidavit of one of the defendants, showing diligence

in attempting to obtain the testimony of such absent witnesses, and the nature of the proof.    The Court denied the motion for a continuance, and the cause was tried by a jury, who rendered a verdict for the plaintiff, and judgment was entered therein.    Defendants moved for a new trial on the papers in the case, which was denied, and they appealed.

*John Hume* for Appellants.

*Sanderson & Newell* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

The first assignment of error in this case is for the refusal of the Court below to grant a continuance on the affidavit of the defendant.

In the case of Musgrove *v.* Perkins (9 Cal. 211) we held that " the granting or refusal of a continuance rests in the sound discretion of the Court below ; and its ruling will not be reviewed except for the most cogent reasons.    The Court below is apprised of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate Court; and when it exercises a reasonable, and not an arbitrary discretion, its action will not be disturbed."    It is true that the facts in this case show that the action of the Court approached very closely the line within which, it is intimated, this Court will interfere.    But in such cases we think the party whose application has been refused should move the Court for a new trial, and support the application by the affidavits of the absent witnesses, if such affidavits can be obtained, or it should be shown to the Court that they cannot be obtained.    Unless this be done, this Court will not interfere, in civil cases, with the action of the lower Court.

The second assignment of error is without merit.    It has nowhere been held that a defendant is not responsible for injuries done the ditch of another by the deposit of mud and sediment in it.    The doctrine of the Bear River Company *v.* York Mining Company probably went quite as far as it ought to have gone, when confined to the express points there announced, and we certainly feel no disposition to extend it further.

Judgment affirmed.