JOHN C. PIERCY, AND MARY PIERCY, HIS WIFE v. O. L. CRANDALL, GEO. D. MINSHALL, C. D. PUTNAM, THOMAS H. FARNSWORTH, O. W. FARNSWORTH, JOHN THOMPSON, WILLIAM SMITH, AND JOHN SMITH.

BOUNDARIES WHERE DESCRIPTIONS CONFLICT.—When there are conflicting descrip-
tions, ordinarily that one must be adopted which is most certain and stable,
and least likely to be mistaken or affected by errors.

IDEM.—It is a rule, founded upon this principle, that monumental lines or points
control such as are described by course and distance only.

IDEM.—A record disclosed only the facts following, to wit: The initial point of
boundary described in a deed was " at a point of the boundary of said rancho,"
(Yerba Buena,) being "the middle or center of the well known point called
the Portezuela de las Animas," which last named locality was at the date of
the deed and still is a permanent and well known object, and its center readily
ascertainable. By taking said middle point of the " Portezuela " as the starting
point, and running the other lines according to the calls of the deed, they will
not close without abandoning the last call and running a straight line to the place
of beginning ; the record does not show whether the boundary of said rancho,
which before final location was notoriously uncertain, had been finally located or
not, at the date of said deed. The actual line of boundary of said rancho, as
established by a final location, does not touch said middle point of the " Porte-
zuela," but is sixteen and one half chains to the southeast of it ; by establishing
the initial point at the point in said located line of said rancho, nearest
opposite said middle point of the " Portezuela," and running the several

courses and distances according to its calls, the lines will close at such point of beginning, while by taking as said point of beginning said middle point of said " Portezuela," a very narrow strip of land several miles in length will be left between two ranchos, in a shape and condition which could not reasonably have been contemplated and intended by the parties : *held,* that whether or not said located boundary of said rancho was established, and therefore known to the parties at the time said deed was executed, is a material and probably a controlling fact in determining the true initial point of beginning of said deed, and that upon said facts as disclosed, without the further fact last named, a new trial must be had for a more full disclosure.

IDEM.—In such a case, if said located boundary line of said rancho was established and known to the parties at the time said deed was executed, such point therein nearest opposite said middle point designated in the deed would be as definite and certain as the latter point, and would better correspond with the other calls of the deed and the intentions of the parties as indicated by the surrounding circumstances.

IDEM.— The intentions of the parties, when ascertained, must govern, and the entire description contained in the deed should be resorted to for their discovery.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This was an action to recover possession of a portion of the Yerba Buena Rancho, in Santa Clara County. All the averments of the complaint were put in issue by the answer. The cause was tried by the Court without a jury. The facts, as found by the Court, were as follows, to wit:

" First—The premises in controversy are part of a tract of land situate in Santa Clara County, known as the Yerba Buena Rancho, granted to Antonio Chaboya, and confirmed by decree of the United States District Court, and the issuance of a patent by the President of the United States.

" Second—The plaintiff is seized in fee of that part of said rancho described as follows, viz : ' Commencing at a point of the boundary of said rancho, being the middle or center of the well known point called the Portezuela de las Animas ; from said point of beginning in direction of the center of the Laguna Seca, situate in a northerly direction from the Portezuela de las Animas one Spanish league on said line ; thence at an angle which shall reach the south side of the hill known as the Loma de las Lagrimas ; thence

in a line of the boundary which constitutes the division line between the Rancho de la Yerba Buena and the rancho known as Santa Teresa, in the direction of the rancho known as the Rancho de Alvirez, until it reaches the boundary line which divides said Rancho de Yerba Buena from said Rancho de Alvirez; thence following the said division or boundary line which separates the said Rancho de Yerba Buena and Rancho de Alvirez to the place of beginning.'

" Third—The Portezuela of the said description is a low narrow ridge, which connects two parallel ranges of hills, and forms a water shed from which the water runs on either side north and south. The decree of confirmation calls for the Portezuela and an oak tree at it, as the southern boundary of the Yerba Buena Ranch. The Surveyor General of the United States, in the final survey and patent of the ranch, located them in the southern boundary line; but as a fact there is no oak tree at the Portezuela, and the Portezuela is not in the southern boundary line. There is a marked oak tree in the southern boundary, but the boundary line does not run through the Portezuela, but is sixteen and a half chains to the southeast of it.

" Fourth—The defendants are in possession of part of the land described in the complaint on which there is a supposed quicksilver mine, and were in the possession of it at the commencement of this suit, claiming title by mesne conveyances from Chaboya, the original grantee of the ranch.

" Fifth—By starting from the center of the Portezuela as the initial point in the description of the plaintiffs' land, and running the lines called for on it, (except the last line, which will have to be discarded, and a straight line run in its stead from the Alvirez Ranch to the point of beginning,) said supposed quicksilver mine will be included in the description of the plaintiffs' land; but by starting at a point of the southern boundary line of the ranch as finally surveyed, etc., so as to run the first line through the center of the Portezuela and the Laguna Seca, called for in said description, and

running the other lines of the description, the said mine will not be included in said description.

" 1. My conclusion is, from the foregoing facts, that the initial point of the plaintiffs' land is at a point of the southern boundary of said Yerba Buena Rancho, from which a line may be drawn through the center of the said Portezuela and Laguna Seca.

" 2. And that the premises of which the defendants are in possession are not within the limits of the land owned by the plaintiff."

The defendants had judgment, and plaintiffs appealed therefrom, and from an order denying a motion for a new trial, based on the grounds that the judgment is against the evidence and against law.

The other facts are stated in the opinion of the Court.

*J. B. Crockett,* for Appellants.

I. The fact being that the southern boundary, as actually run on the ground, is several hundred yards south of the Portezuela, the survey must begin in the center of the Portezuela, which is a natural object called for in the deed; and the call for the southern boundary line must be disregarded as repugnant to the other, which is the controlling call. The boundary line, as surveyed, is but an artificial imaginary line, whilst the Portezuela is a notorious natural monument. The two calls are inconsistent and cannot stand together. One or the other must be disregarded. In such cases the natural object governs, on the same principle which requires that course and distance must yield to natural objects called for as monuments. That which is fixed, definite, and certain, and in its nature unvarying, prevails over less certain and more variable boundaries, and it is no reason for disregarding this rule that the survey will not close. In such cases the repugnant calls must be disregarded. (*Jackson* v. *Wendell,* 5 Wend. 142; 1 Cow. 612;

43

5 Cow. 346; 7 Cow. 723; 6 Wheat. 582; 7 Wheat. 10; 9 Cow. 661; 8 Wend. 183; 14 Barb. 434; 17 John. 29; 18 Wend. 157; 11 Barb. 444; 1 Sandf. 337; 34 Barb. 494; 22 How. Pr. 109; 28 Cal. 175.)

II. The last calls in the deed to the plaintiffs are for the line which divides the Rancho de Alvirez from the Rancho of Yerba Buena, and "thence following the said division or boundary line which separates the said Rancho de Yerba Buena and Rancho de Alvirez, to the place of beginning." It is said, that if the survey begin at the Portezuela, it would not close if the last calls in the deed be followed. In that event the last call must be disregarded as repugnant, and the last line should run directly to the Portezuela, so as to close the survey. Repugnant calls are always to be disregarded, so as to carry out the real intent of the parties as appearing on the face of the deed. In this case it is manifest the parties contracting understood the Portezuela to be the southern boundary of the ranch, as called for in the grant, decree of confirmation, and patent; and the land intended to be conveyed was to commence at the Portezuela. If, by mistake, a call repugnant to this obvious intent has been inserted in the deed, it must be disregarded, if it be necessary to close the survey. In construing deeds, the intention of the parties is to govern, as in construing any other instrument. The whole doctrine on this subject is elaborately reviewed in *Hathaway* v. *Power*, 6 Hill, 453. See, also, the following cases which establish the rule clearly: *Moore* v. *Jackson*, 4 Wend. 58; *Jackson* v. *Blodgett*, 16 John. 172; *Brannan* v. *Mirick*, 10 Cal. 106; *Kimball* v. *Semple*, 25 Cal. 446; *Hunter* v. *Hunter*, 17 Barb. 25, 78; *Jackson* v. *Dunsbagh*, 1 John. Cas. 91; *Jackson* v. *Myers*, 3 John. Cas. 388; 2 Cow. 195, 228; 13 Pet. 89; 5 Watts, 34; 1 Comst. 96; 32 Barb. 381. And where a deed may inure several ways, the grantee shall have his election which way to take it. (*Jackson* v. *Hudson*, 3 John. 375; *Jackson* v. *Blodgett*, 16 John. 172.) Every uncertainty is to be taken in favor of the grantee. (*Jackson* v. *Gardner*, 8 John. 394; *Jackson* v. *Blod-*

*gett,* 16 John. 172; *Hathaway* v. *Power,* 6 Hill, 453; 9 East. 15; 3 John. 387; 25 Cal. 180.) False particulars in a deed will not frustrate its obvious intent. (*Jackson* v. *Clark,* 7 John. 217; *Jackson* v. *Root,* 18 John. 60; *Loomis* v. *Jackson,* 19 John. 449; *Jackson* v. *Marsh,* 6 Cow. 281; *Peck* v. *Mallams,* 6 Seld. 509; *Reed* v. *Spicer,* 27 Cal. 61.) In cases of repugnant calls, that which is most certain and material controls that which is less so. (*Jackson* v. *Camp,* 1 Cow. 605; *Doe* v. *Thompson,* 5 Cow. 371; *Jackson* v. *Ives,* 9 Cow. 661; *Ferris* v. *Coover,* 10 Cal. 624; *Jackson* v. *Ransom,* 18 John. 107; *Vance* v. *Fore,* 24 Cal. 436.) Even if the monuments, courses, and distances called for are so repugnant that the conveyance would be void for uncertainty, resort may be had to other parts of the description to support the deed. As, for example, if it describes it as a certain brick-yard. (*Seamen* v. *Hogeboom,* 21 Barb. 398.) And if a deed contains two descriptions of the land conveyed, and both are of equal authority, that one which is most favorable to the grantee must be adopted. (*Vance* v. *Fore,* 24 Cal. 436.) I consider the last case quoted as decisive of this controversy.

*J. M. Williams,* and *William Mathews,* for Respondents.

The statement of the case most favorable for appellants is, that the Portezuela, being a natural object, must be taken as the place of beginning, rather than the boundary line of the rancho, which is assumed to be an artificial object. Admitting that the boundary line is an artificial, and not a natural monument, if it is disregarded the Court must utterly discard the last call of the description, and entirely ignore the fact that the land is made to abut on the Alvirez Rancho, and adopt another line, not named in the description, in its place. The Alvirez Rancho is a natural object, of as much importance and notoriety as the Portezuela itself. And we can conceive of no reason why, to preserve the former, the latter should be discarded. "First in lands, the greatest certainty is, where the land hath a name proper, as the

manor of Dale, Granfield, etc.; the next is equal to that,
when the land is set forth by bounds and abuttals, as a close
of pasture bounding on the east part of Emsden wood, on
the south upon," etc. (Lord Bacon's Maxims Regula, 25.)
" It is a true and important rule of construction, that the
sense and meaning of the parties to any particular instru-
ment should be collected *ex antecedentibus et consequentibus;*
that is to say, every part of it should be brought into action,
in order to collect from the whole one uniform and consis-
tent sense, if that may be done." (Bacon's L. M., 513, side
paging.) In the case at bar, the Court below has " brought
into action " every part of the description. Beginning at
the southern boundary, (the call *first named* in the descrip-
tion,) the eastern boundary is made to proceed by the course
named *through the Portezuela;* thence following all the other
calls to the Alvirez Rancho, and thence along the Alvirez
Rancho to the place of beginning.

By the Court, SAWYER, J. :

The plaintiffs' deed describes the initial point in the
boundary of the land conveyed as being " at a point of the
boundary of said rancho," and as being " the middle or
center of the well known point called the Portezuela de las
Animas." As the boundaries of the said rancho have been
finally surveyed and located, no point in said boundary
coincides with the middle or center of the Portezuela, and
the question is, where is the initial point? By taking a
point in the middle of the Portezuela as the starting point,
and running the other lines according to the calls, they will
not close without abandoning the last call, and running a
straight line to the point of beginning. Such a course
would be adopted in a proper case. When there are con-
flicting descriptions, ordinarily that one must be adopted
which is most certain and stable, and least likely to be mis-
taken or affected by errors. Upon this principle it is a

rule that monumental lines or points control such as are described by course and distance only. (*Vance* v. *Fore*, 24 Cal. 445–46.) These rules are adopted because they are most likely to lead to a discovery of the true intent of the parties. The Portezuela de las Animas is a natural monument, and the middle or center may be found at least proximately, while the boundary line of a Spanish rancho, which has not been finally located, is notoriously uncertain. The record does not show whether the boundary of the rancho had been finally located, or not, at the date of the deed, and the agreed statement of facts, which is stated to contain all the evidence upon which the Court acted, does not contain anything upon which the Court could have found that fact one way or the other. It does not appear, therefore, whether the boundaries of the rancho were actually run out on the ground and finally located and marked *before*, or *after*, the making of the deed under which plaintiff claims. There is no diagram or other description in the record by which we can obtain a very accurate idea of the difference which the two theories as to the initial point will make, or the relative situation of the tract embraced in the description and that left out. If we understand the matter correctly, by establishing the initial point in the southern boundary opposite and nearest to the center of the Portezuela, as claimed by the defendants, and running the several courses and distances according to the calls, the lines will close at the point of beginning. While, by taking the initial point claimed by plaintiff, the lines will not close, and that a very narrow strip, several miles long, will be left between two ranchos, in a shape and condition not very likely to have been contemplated by the parties. The language of the deed is, "commencing at a point of the boundary of said rancho, being the middle or center of the well known point called the Portezuela de las Animas," etc. If, when the deed was made, the rancho had not been finally surveyed the parties might have supposed that the boundary and "the middle or center of the Portezuela" would coincide, and as the latter

was fixed and certainly known, while the former was not settled, the middle of the Portezuela would be the most certain and definite call. But if the rancho had been actually surveyed and finally located when the deed was made, the boundary might have been as definite, fixed and permanent an object, and as well known to the parties adopting it as a call, as the Portezuela. Since a point of the boundary cannot coincide with the middle or center of the Portezuela, and since all the remaining calls harmonize with the point in the boundary nearest the said middle or center of the Portezuela, and close the lines, while taking the middle or center of the Portezuela as the initial point, and running the other lines according to the calls, they will not harmonize or close the lines, we are unable to see any good reason why the point in the boundary should not be taken as the one intended, and especially so, if the other hypothesis would leave the land outside in such a shape or condition that it would be absurd to suppose such a result was contemplated.

In such case the point in the boundary would be as definite and certain as the point in the middle of the Portezuela, and would correspond better with the other calls and with the probable intention of the parties, apparent from the surrounding circumstances. And the intention of the parties should be ascertained by a consideration of the entire description. For the reasons suggested we think it not advisable to finally determine the location of the initial point from the facts stated in the present record. A new trial should be had, that the facts may be more fully investigated. The point will, therefore, be left open, to be further illustrated by the facts brought out on the next trial.

Judgment and order denying a new trial reversed and a new trial granted.

Currey, C. J., concurring specially:

The only question to be determined in this case is, where is the true point of beginning of the description of the land contained in the deed from the source of title under which the plaintiffs claim. The description designates the place of beginning to be at the middle or center of the well known point, called the Portezuelo de las Animas, and running thence northerly in the direction of the center of the Laguna Seca one Spanish league; thence at an angle to the south side of the hill known as the Loma de las Lagrimas; thence in a line of the boundary which constitutes the division line between the Rancho de la Yerba Buena and the rancho known as Santa Teresa, in the direction of the rancho known as the Rancho de Alvirez, until it reaches the boundary line which divides said Rancho de la Yerba Buena from said Rancho de Alvirez; and following the last mentioned boundary line to the place of beginning.

The Yerba Buena Rancho was confirmed as a valid claim, and a patent therefor was granted to Antonio Chaboya. The decree of confirmation, on which the patent was issued, described the Yerba Buena as bounded on the south by said Portezuela de las Animas, and the patent so describes it. The Court finds, that the decree of confirmation calls for the Portezuelo and an oak tree at it as the southern boundary of the Yerba Buena Rancho. There is no oak tree at the Portezuela, but there is a marked oak tree in the southern boundary line of the Yerba Buena, and the Portezuela is not in such boundary line, but sixteen and a half chains to the southeast of it. It is agreed on all hands that if the Portezuela be adopted as the point of commencing the description of the plaintiffs' lands, the premises in controversy belong to them; but if the point of beginning be placed on the line sixteen and a half chains northwest of the Portezuela, then they have no title to the demanded premises, and, consequently, no right to recover.

The description in the deed under which the plaintiffs

claim title does not specify or refer to a tree in connection with the Portezuela. The call is: " Commencing at a point of the boundary of said rancho [Yerba Buena], being the middle or center of the well known point called Portezuela de las Animas." This is a definite designation of the middle or center of the Portezuela as the place of beginning. The parties agree, and so the Court has found, that the Portezuela de las Animas is a narrow ridge, connecting two parallel ranges of high hills, and was a noted place, well known by that name, when the conveyances under which the plaintiffs claim were executed, and that the center of the Portezuela can be readily and precisely ascertained. The objection to adopting the place designated, which seems to have controlled the Court below, was that by making the point of beginning at the center of the Portezuela, the last locative call in the description would necessarily be without effect, as it would be impossible to reach the point of beginning, by following from the last station in the description the division or boundary line which separates from each other the Ranchos de la Yerba Buena and de Alvirez. It may be that the last boundary call, if it were literally adhered to, could not be satisfied; but if so, the rule is that it must be rejected and supplied by one running in a straight line from the last station to the place of beginning. (1 Greenl. Ev., Sec. 391.)

It is a principle well settled that in the location of a grant, that which is most certain and material in the description shall control that which is less so, and when there is a known and well ascertained place of beginning it must govern. (*Jackson* v. *Wendell*, 5 Wend. 146, 147.) In the case here cited the Court say : " It is immaterial how many natural monuments there may be in the courses given ; the place of beginning is the controlling point, and if rendered certain, no matter in what manner, it cannot be abandoned and another position assumed as the starting point."

It is also a principle well settled that in the description of a tract of land in a deed of conveyance the highest regard is

to be had to permanent natural objects as landmarks.   The Portezuela de las Animas was and is an object as stable as the everlasting hills, and was well known at the time, and was beyond question the very object or monument to which the grantor had reference as the point of commencement in the description of the land contained in his deed under which the plaintiffs claim title.   "All grants or conveyances," said the Chancellor in *Wendell* v. *The People*, 8 Wend. 190, " are supposed to be made with reference to an actual view of the premises by the parties, and it is therefore a general rule in the construction of grants that both course and distance must give way to natural or artificial monuments or objects; and courses must be varied and distances lengthened or shortened, so as to conform to the natural or ascertained objects or bounds called for by the grant."

The point of beginning, specified in the deed of Chaboya, is the "middle or center of the well known point called the Portezuela de las Animas."   It cannot be doubted that both grantor and grantee well understood the point of beginning in the description of the land mentioned in the deed, to be at the center of the Portezuela, because they could not well be mistaken respecting the place named, as it was an object of permanence and notoriety at the time Chaboya conveyed the land to which the plaintiffs now have the title.

The place of beginning being established at the center of the Portezuela, it should be adhered to as the controlling point in the description of the plaintiffs' land.

I am of the opinion the judgment should be reversed, and new trial ordered.

Mr. Justice SHAFTER expressed no opinion.