[No. 3,725.]

## RUPERTO SERRANO, EXECUTOR OF THE WILL OF JOSE SERRANO, DECEASED, *v.* HIRAM A. RAWSON, JONATHAN E. BACON AND THOMAS PURCELL.

CONSTRUCTION OF PATENT—PLAT OF SURVEY.—In determining the location of a line designated in a patent, the plat of a survey which is made a part of the patent is often entitled to as much and perhaps more weight than the courses and distances.

CONFLICTING DESCRIPTIONS.— In all cases of conflicting descriptions, the object of the Court is to ascertain the intention of the parties, and the entire description contained in the instrument should be resorted to for the purpose of ascertaining the intention.

GENERAL INTENT IN DESCRIPTION TO CONTROL.—Courts will give effect to every part of the description in a patent, if possible, but if that cannot be done, they reject that which is repugnant to the general intent of the instrument.

SUPPLYING LINE IN SURVEY.—A line in a survey, which has evidently been omitted, will be supplied by intendment, rather than that the obvious intent of the grantor should be frustrated.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

Ejectment suit to recover a tract of land, alleged to be within the boundaries of the "Cañada de los Alisos," a Mexican grant, which was surveyed in 1858, and patented in 1871. The Court below rendered judgment for the defendant, and the plaintiff appealed.

The other facts are stated in the opinion.

*Glassell, Chapman & Smiths,* for the Appellant.

The natural objects called for in the plat and field notes, viz.: "The Los Angeles road," "Serrano's house," "the spring," and the point where the Alisos compassman commenced his survey, and also Trabuco station No. 3, are all clearly identified, and there is no controversy as to their location on the ground. They, therefore, fix the location of the lines.

"It is a rule of universal application, that natural, permanent objects called for in a deed control courses and distances given." (3 Wash. R. p. 350, and cases cited.)

" So that by ascertaining the monuments at the angles of a parcel of land, the boundary lines can at once be determined." (Id. 352, 344, 345, (628–9); 1 U. S. Dig. 474, n. 13; 2 Abbott's N. Y. Dig. 393, nn. 197, 202, 203, 204; 1 Abbott's U. S. Dig. p. 361, n. 42, p. 365 n. 74, p. 367 n. 91; *Davis* v. *Sherman*, 7 Gray, 291.)

" A conveyance is to be construed in reference to its distinct and visible locative calls, as marked and appearing upon the land in preference to quantity, course, distance, map or anything else." (*Van Wyck* v. *Wright*, 18 Wend. 168.)

There is another principle equally conclusive: The lines actually surveyed and marked in the field are conclusive. "It is the intention of the grant to survey the land actually surveyed." (*McIvers, Lessee,* v. *Walker*, 9 Cranch, 178.)

" It is not the lines reported, but the lines actually run by the surveyor, which vest in a patentee a title to the area included within those lines." (*Conn* v. *Penn*, 1 Peters C. C. 511; *Avery* v. *Baum*, Wright, 576; *Van Wyck* v. *Wright*, 18 Wend. 157; *Jackson* v. *Freer*, 17 John. 29; *Jackson* v. *Joy*, 19 id. 103.)

*O'Melveny & Hazard,* for Respondents.

Admitting the principles of the authorities cited, that the monuments must control courses and distances, to be correct, it is only so, where the monuments existed, or can be found ; but in a case where they can never be found, as is the case here, unless miles in another direction, the rule is, that the Court may adopt the course and distance as indicating the true description—in fact, no other rule could well be adopted. (Kent, side paging 466; 3 Barb. Rep. 215.)

To adopt the monuments insisted upon, the lines of the patent will not close, and would require a change in the language of the patent, and the monuments as described in the patent do not exist.

By the Court, CROCKETT, J.:

It clearly appears from the findings that the demanded premises are included; first, within the decree of confirmation by which the title of José Serrano to the "Canada de los Alisos" was finally confirmed; second, within the final official survey as made on the ground; third, within the plat of the survey, incorporated into and made a part of the patent. On the margin of the plat is a table of courses and distances, purporting to define the boundaries as exhibited on the plat. But the Court below finds that if these courses and distances be followed, they will not correspond with the visible monuments shown on the plat, and actually found on the ground, and are so irreconcilably in conflict with them, that one or the other must, in a great measure, be disregarded. It further appears that some of the monuments are not at the points indicated on the plat, but are, in fact, located on other portions of the lines. The Court, therefore, adopted the courses and distances called for and disregarded the monuments as the only feasible method of giving effect to the locative calls of the patent. By pursuing this course, the demanded premises are excluded from the patent, and judgment was entered for the defendants.

Among other facts, the Court finds that the Los Angeles road was designated both in the original grant and testimonio of juridical possession as one of the boundaries of the rancho; and the decree of confirmation, embodied in the patent, refers to these "for a more particular and further description of the said lands." This road is correctly located on the plat as the southeastern boundary of the rancho; but on the theory adopted by the Court below, was entirely disregarded, for the reason that its location does not correspond with the courses and distances found in the patent. The whole difficulty in the case proceeds from the fact that the monument indicated on the plat as the initial point of the survey, is not in fact located at that point; but at another in the line of the survey, distant from the first, seventy-six chains; and the monuments actually existing on the twelfth line are transposed on the plat. For example:

that line is represented on the plat as terminating at a "forked live oak A, No. 13," on the Los Angeles road, in San Diego Valley; whereas there is in fact no forked live oak at that point, but there is one at the other end of the line, and the San Diego Valley is also near the opposite end of the line, about eight miles distant. But the road is otherwise correctly located. It is apparent from the findings that this confusion resulted from the fact that the survey was conducted by two surveyors running the lines in opposite directions until they met, and in making the plat from the field notes, the monument at the initial point was wrongly located, and other monuments were transposed as already indicated. But notwithstanding these errors, the controlling fact remains that the Los Angeles road is the southeastern boundary of the rancho, as shown by the grant, the act of juridical possession, the final survey on the ground, the decree of confirmation and the plat embodied in the patent. The survey, as shown by the plat, commenced at this road, and the twelfth course terminates at the road, which is pursued thence to the point of commencement. If the courses and distances called for in the patent be pursued, regardless of all the intervening monuments, the land in controversy would be excluded; but if one line, which was evidently omitted by mistake, be supplied, the survey would close and would include the demanded premises. In determining the location, the plat of the survey, which is a part of the patent, is often entitled to as much, and perhaps to more weight than the courses and distances. (*Vance* v. *Fore*, 24 Cal. 435.) In all cases of conflicting description the object of the Court is to ascertain the intention of the parties, and the entire description contained in the instrument should be resorted to for the purpose of ascertaining the intention. (*Pierce* v. *Crandall*, 34 Cal. 334.) Courts will give effect to every part of the description if possible; but if this cannot be done they reject that which is repugnant to the general intent of the instrument. (*More* v. *Massini*, 37 Cal. 432.) In the case last cited the land was bounded in the grant and in the decree of confirmation by the sea shore; but the survey and patent included a part

of the bed of the ocean, and we held that on the face-of the patent enough appeared to justify the conclusion that it was not intended to grant to the patentee a portion of the bed of the ocean entirely outside of the original grant. For like reasons we think it sufficiently appears from the patent in this case that the tract intended to be granted to Serrano is bounded on the southeast by the Los Angeles road, and includes the premises in the controversy. This is a controlling monument in the description, and if the courses and distances cannot be otherwise reconciled with it, the omitted line of the survey will be supplied by intendment rather than that the obvious intent of the grantor should be frustrated.

Judgment reversed, and cause remanded with directions to the Court below to enter judgment for the plaintiffs on the findings.