[No. 5,608.]

## BLACK v. SPRAGUE et al.

Boundary—Patent—Plat.—The map is an important part of the patent, and in questions of location is often entitled to as much, and perhaps more, weight, than the courses and distances.

Id.—Monuments—Survey.—Monuments actually established on the ground at the time of the survey, will control a call for course and distance and the boundary of an adjoining ranch.

Id.—Instructions.—Where the instructions on a material point are contradictory, if there were no other error in the record, the judgment must be reversed.

Id.—Id.—Monuments—Survey—Patent—Plat.—A call in the field-notes of the patent of the Rancho El Valle de San José, was from a recognized point, (Station 24) north 458.75 chains, to a post marked "V. S. J." No. 25, at the intersection of the course with the line of the preliminary survey of the Pocitas Rancho; thence to another recognized point (Station 26). On the plat, Station 25 was represented as a stake *in a stone mound*.

There was evidence tending to show the existence of a stone mound about twenty chains west of where Station 25 would be, if determined by course and distance and the line of the Pocitas Rancho called for, and tending to identify this with the stone mound represented on the plat. The sole question being as to the location of Station 25, the Court below instructed the jury:

1st. That Station 25 was fixed, according to the patent, at the intersection of a due north and south line from Station 24 to Station 25 with the line of the preliminary survey of the Pocitas Rancho; and that that line was a call of the patent, and could not be ignored by the jury.

2nd. That if the jury found that the surveyor, when he ran the line of the Rancho on the ground, used a stone monument at Station 25, and that the line as run by him on the ground from Station 24 to Station 25 terminated in the stone monument, they should find for the defendants.

3rd. That the designation of a stone mound at Station 25 on the map, was no evidence that such a monument was in existence, or established there by the surveyor; and

4th. That if the jury found from the evidence, that a survey *could be made* of the rancho, according to the calls of the patent, that would close and embrace the quantity of land called for, including the land in controversy, they should find for the plaintiff.

*Held*, 1st. That the first instruction referred to was erroneous, in making the call referred to the controlling call, in preference to the actual location of Station 25 on the ground by the surveyor at the time of the survey, and because it ignores the plat; 2nd. That the first and second instructions are contradictory, and that this, in itself, was sufficient to reverse the judgment; 3rd. That the plat forms part of the patent, and is evidence of matters represented on it, and that it was error to instruct the jury to the contrary; and 4th. That the fourth instruction was also erroneous, as the calls of the patent with reference to Station 25 were conflicting, and the very question was, which was the true one?

Appeal from a judgment for the plaintiff, in the Third District Court, County of Alameda.

The facts are stated in the opinion.

*Moore, Laine & Leib*, for Appellants.

The law of the United States made the map or plat an important, principal, and necessary part of the patent. (Act of Nov. 3rd, 1851, 1 Lester's Land Laws, 177, § 13; Acts of 1860 and 1864, 2 Id. pp. 21, 114.) And the Courts have uniformly given great weight and importance to such maps. (*McIver's Lessee* v. *Walker*, 9 Cranch, 173; *Vance* v. *Fore*, 24 Cal. 445–6; *Serrano* v. *Rawson*, 47 Id. 52–3.)

The counsel also argued that the other instructions were erroneous, upon the grounds stated by the Court.

*Wm. Irvine*, for Respondent.

Where there are conflicting calls, those which from their nature are less liable to mistake must control those which are more liable. (*Walsh* v. *Hill*, 38 Cal. 481, 486.)

From Station 24, the next call in the patent is for the line of the preliminary survey of the Pocitas Rancho, and thence along that line 297 chains to an oak-tree known as the "Livermore tree," Station No. 1 of the Pocitas and No. 26 of the Valle de San José Rancho. If Station 25 is placed at the stone mound, the line does not touch the boundary of the Pocitas Rancho until it reaches the oak-tree, the common station of the two ranchos; but if it is placed at the intersection of a north course from Station 24 with the Pocitas line, the call for that line is satisfied, and the courses and distances agree with the actual measurements. The calls for the oak-tree and for the line of the Pocitas, therefore, render certain the location of Station 25, and are more certain and reliable than an artificial mound of stones. (*Powers* v. *Jackson*, 50 Cal. 429.) A call for the boundary of another tract is a call for a natural boundary. (*Gray* v. *Powers*, 76 N. C. 60.) The rule that a monument controls other portions of the description in a deed is not inflexible, if it be repugnant to another call of a like character, that harmonizes the whole description. (*Townsend* v. *Hoyt*, 51 N. Y. 556.)

Department No. 1, Ross, J. :

This is an action of ejectment for a tract of land situated in Alameda County. It was tried in the Court below with a jury. The plaintiff claimed under a patent of the Mexican grant of the " Rancho El Valle de San José," and the defendant under a United States pre-emption patent. The question to be determined by the jury was whether or not the lands patented to defendant were, in whole or in part, within the patent under which the plaintiff claimed, and that question turned upon the location of Station 25 of the Spanish grant patent. This patent contained the field-notes of the official survey, and also a plat of the survey. The field-notes, so far as they bear upon the present controversy, read as follows : " Cor. No. 24; thence north 167.00, leave hills, enter small cañon 173.50 to the edge of the Arroyo Valle; across the same, course west 175.00, enter hills 304.00 to a ravine 20 links wide; course 426.00, leave hills, enter valley 455.00 to the Arroyo Mocho 456.50; across same, course west 458.75, set a post in the ground at the intersection of the line of the preliminary survey of the Rancho de las Pocitas of Robert Livermore, a post marked V. S. J. No. 25, for cor. No. 25; thence along said line, etc., to cor. No. 26." On the plat of the official survey, Station 25 was laid down as a station marked V. S. J. No. 25, in a stone mound.

There was no controversy as to the location of Stations 24 and 26.

At the trial several witnesses were examined, who testified to the existence of a stone mound on the ground about twenty chains to the west of a point where Station 25 would be found, if controlled by course, distance, and the line of the preliminary survey of Las Pocitas Rancho, alone. And it was shown by the testimony of the witnesses, that if the line was run from Station 24 to this stone mound, and from the stone mound to the next fixed station, (viz., 26) the lands in controversy would be excluded from the grant; but if run for Station 25 by course and distance, regardless of the stone monument, and so as to

strike the preliminary survey line of the Las Pocitas, and thence on that line to Station 26, the whole of the disputed premises would be included in the grant.

The plaintiff claimed the true location of Station 25 to be at the point of intersection of the line from Station 24 with the preliminary survey line of the Las Pocitas; but the defendant claimed that the rock mound was its true location.

Lacrosé, the United States Deputy Surveyor, who made the official survey of the Rancho "El Valle de San José" upon which the patent issued, testified that he had no recollection of erecting a stone monument at Station 25, but thought he had only put a stake there, marked "V. S. J. No. 25."

Glaskin, who was one of the chain-men with Lacrosé in making the survey, testified that at this station a mound was established by laying three rocks down and putting one up in the middle.

Hawley, another of the chain-men, testified as follows: "At Station 25 I put a stake; there may possibly have been two or three loose stones, but no mound."

One Higuerra testified that he was with Lacrosé when he made the survey, and that a stone mound was placed at Station 25, and a stake placed in the same, marked "V. S. J. No. 25"; which mound, he testified, is still standing at the same place.

E. II. Dyer, a surveyor, testified that he, as United States Deputy Surveyor, made the official survey of Township 3 south, Range 2 east, Mount Diablo meridian; that he was careful in making his connections with the Rancho "El Valle de San José;" that he made a careful examination of its monuments, and found the stone mound referred to by the witnesses near where Station 25 ought to be, as indicated by distance, and with a slight variation as to course; that he satisfied himself that it was the mound referred to in the map attached to the patent of the Rancho, and made the survey of the township accordingly, taking said stone mound to be Station 25 of the Rancho, as patented; and that if the stone mound was the correct location of Station 25, the land in controversy would not be included in the grant. He further testified, that he had known the mound for a long time, to wit, since the year after the official survey of the

grant, and that when he first knew it the stake was standing in it, marked " V. S. J. No. 25," and that he was confident that it was a monument put up by the surveyor in the final survey of the grant "El Valle de San José;" that he had often seen the mound, and had made most of the United States surveys in the vicinity of the grant.

Other testimony was given on behalf of the respective parties, but it is unnecessary to go further into its detail. We have already stated enough to show that it was important that the jury, which was called upon to determine whether the land possessed by defendant was within the lines of the plaintiff's patent, should have been clearly and distinctly instructed as to the rules that were to govern them in reaching a conclusion. The testimony in the case was, of course, a matter for them to weigh and consider, in the light of the instructions of the Court, and the only ground of complaint here is that the Court erred in its instructions.

The sixth instruction given to the jury was as follows : " 6th. The controversy is about the correct location of Station 25, as called for by the patent.    Station 25 itself is fixed, *according to the patent,* at the *intersection* of a due north and south line from Station 24 to Station 25, *with the line of the preliminary survey* of the Livermore or Pocitas Rancho, made by Lewis, and which is in evidence before you.    *Then the preliminary line of the Pocitas Rancho* is one of the calls of the patent of the Valle de San José Rancho, and *it is a line that cannot be ignored by you.*"

This instruction was clearly erroneous.    Since it was not disputed that if Station 25 was, as is here said by the Court, " fixed, according to the patent, at the intersection of a due north and south line from Station 24 to Station 25, with the line of the preliminary survey of the Livermore or Pocitas Rancho," the land in question would be included in plaintiff's patent, the instruction was in effect telling the jury they should find for the plaintiff, notwithstanding the evidence might have satisfied them, as a fact, that Station 25 was established on the ground at the rock mound referred to on the plat.    The instruction entirely ignored the plat, which was an important part of the patent.

In *Serrano* v. *Rawson*, 47 Cal. 55, it is said: " In determining the location, the plat of the survey, which is a part of the patent, is often entitled to as much and perhaps to more weight than the courses and distances." (See also, *Vance* v. *Fore*, 24 Cal. 435.)

According to the plat in this case, Station 25 was fixed at a stake marked " V. S. J. No. 25," *in a stone mound.* This was one of the calls of the patent, and if it was true, as some of the testimony at least tended to show, (and of which the jurors were the judges) that this station was in fact fixed on the ground, at the time the survey was made, at the stone mound spoken of by the witnesses, then it cannot be doubted that the call found upon the plat, and *not* that declared in the instruction under consideration, would be the true call. This instruction was also plainly inconsistent with—indeed, directly opposed to—the eighth instruction, which was given to the jury as follows :

" 8th. The defendants have asked me at this point to say to you that the principal question for you to determine, is the true location of Station 25 as the north-east corner of the grant, as the same was made and established upon the ground by the official survey of said grant. That is the single question for you to determine. If you find that Lacrosé, when he ran the line of the Rancho upon the ground, used a stone monument at Station 25, and that the line as run by him, from Station 24 to 25, terminates in the stone monument, it excludes the land in controversy, and you should find for the defendants."

The conflict between this and the instruction last noticed is obvious. By this the jury was told that if the surveyor, when he ran the line upon the ground, used a stone monument at Station 25, and that the line as run by him from Station 24 to 25, terminated at the stone monument, they should find for the defendant ; whereas, by the sixth instruction, they were distinctly told that the station in question was " fixed according to the the patent *at the intersection* of a due north and south line from Station 24 to 25, *with the line of the preliminary survey* of the Livermore or Pocitas Rancho," which would bring the land within the lines of the plaintiff's patent.

In *Brown* v. *McAllister*, 39 Cal. 577, the Court, speaking of

inconsistent instructions, said: "The two propositions are wholly repugnant, and cannot stand together; and for this reason, if there were no other errors in the record, the judgment must be reversed. When the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail; and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be, where the two are repugnant. (See *Clark* v. *McElvy*, 11 Cal. 161; *McCreery* v. *Everding*, 44 Id. 246; *Chidester* v. *Con. P. Ditch Co.* 53 Id. 56.)

The Court further instructed the jury as follows:

"13th. Now, the map of the survey upon which the stone monument appears, the defendants ask me to say, is a part of said patent. But the fact that the map describes Station 25 as a stone monument is *no* evidence that there was such a monument in existence, or *established there by the surveyor that ran the lines.*"

As already observed, the map is an important part of the patent, to which, in matters of this sort, great weight is attached. It is the representation of the survey. It is put on record for public inspection. When, therefore, it represents the station in question as being fixed at a stone mound, it cannot be said that such fact furnishes *no* evidence that a mound was established as there represented. The Court, too, had already told the jury, in the sixth instruction, that they could not ignore the preliminary line of the Pocitas Rancho; but this call, in this respect at least, had no greater dignity than the call upon the plat. Each was a part of the patent.

Other instructions were given to the jury, which were objectionable, but one of which we will notice. It reads thus:

"In conclusion, plaintiff asks me to say to you that if you find from the evidence that a survey *could be made* of said Rancho, according to the calls of the patent, that will close and embrace the quantity of land called for by the patent, including the land in controversy, you will find for the plaintiff."

It was not disputed that a survey "could be made" of the Rancho, according to the courses and distances, that would close

and embrace the land in controversy; but the calls of the patent respecting Station 25 were conflicting, and the very question in the case was, which was the true one—that in the field-notes, or the one upon the map. By ignoring the latter, the survey could be made according to the former, so as to include the land, even though the call upon the plat was in fact correct. We think this instruction was also erroneous.

We are, therefore, constrained to reverse the order, and to remand the cause for a new trial.

The appeal from the judgment having been taken too late, must be dismissed.

Appeal from judgment dismissed, and order denying new trial reversed, and cause remanded for a new trial.

MORRISON, C. J., and McKINSTRY, J., concurred.