[Civ. No. 5371. Third Appellate District.—November 5, 1935.]

R. HENDERSON, Respondent, v. WESTERN PRECIPITATING COMPANY (a Corporation), Appellant.

W. J. Titus, J. M. McMahon, Harry M. Irwin and Everett H. Mills for Appellant.

W. N. Mullen and Raymond McIntosh for Respondent.

MAXEY, J., *pro tem.*—The plaintiff is the owner and in possession of a certain mining claim situate in Sierra County, and particularly described in plaintiff's complaint, being commonly known and located as the "Natalee Creek Mining Claim". Plaintiff's claim was located on May 7, 1926, and notice of location was duly recorded in Sierra County. The notice of claim contains the following wording: "I, the undersigned, locate said creek for the purpose of working the tailings. Said claim contains Creek."

Defendant is the owner of an hydraulic mining property that adjoins the property of plaintiff, and is situate upstream from plaintiff's claim. Defendant's property is commonly referred to as "Loftus No. 1" and "Loftus No. 2". On May 1, 1926, the defendant or its predecessor in interest located, and later constructed a tunnel on its property known as the "Dawson Tunnel", and sometimes referred to as "Howland Flat Tunnel".

Defendant constructed a reservoir on its land to be used in the mining operations on its property, and at certain times or seasons of the year washed the gravel on its property through the Dawson tunnel, through its sluices, and emptied the gravel and debris into Slate Creek, which carried it down and over the claim and property of plaintiff. Plaintiff had performed the work upon his claim which was required of him each year, and had filed his proof of labor therefor. In 1932 plaintiff was in actual possession and occupancy of said claim and had installed sluice boxes, dug trenches, and otherwise improved said claim and had recovered some minerals from the said property by running the tailings through the sluices so constructed by him.

Defendant had both constructive notice and actual knowledge of plaintiff's operations on his claim.

On October 21, 1932, defendant opened the reservoir on its property and caused a large amount of water to be run through Dawson tunnel and into Slate Creek, and thence down-stream on and over the property of plaintiff, causing the excavation made by plaintiff on his property to be entirely filled up with rocks, gravel and debris, and further washing out and destroying plaintiff's sluice boxes and either washing away or covering up plaintiff's tools and implements then on the claim of plaintiff and being used by him in the operation of his claim.

It appears from the undisputed evidence that plaintiff had requested of defendant a few days' additional time in which to clean up the said tailings, run them through the sluice boxes, and recover whatever amount he could therefrom. But that the defendant refused to delay its operations, and so notified plaintiff, and at the time above mentioned turned the water onto plaintiff's land.

Judgment was entered for plaintiff in the sum of $832, and from this judgment defendant has appealed.

■ Appellant has raised four points in its brief, and we shall answer these points in the order in which they are presented: (1) An hydraulic mining operator on a watercourse must so conduct his operations as not to 'damage a lower claimant upon the same watercourse, by allowing water, rocks, gravel and debris to be carried upon the said lower claimant, resulting in the damage to, or destruction of the work and materials done and placed upon the property of said lower claimant. This appears to us to be so fundamental as not to require further comment. It is a well-settled principle of law that every person must use and operate his property so as not to injure or damage the property rights and interests of other persons. Particularly is this true of adjoining owners.

The early decisions in this state may have permitted operations of this character, but with the development of the various industries and the strides that have been made in all lines of endeavor, it has long since ceased to be permitted and is now definitely prohibited. "It is well settled that the first locator on mining ground has no right, by custom or otherwise, to allow tailings to run free in the gulch and render valueless the mining claims of subsequent locators be-

low him." (*Dripps* v. *Allison's Mines Co.,* 45 Cal. App. 95 [187 Pac. 448].)

The injury and damage caused plaintiff by the operation of defendant's mining property renders defendant liable in damages for the consequences of its act.

2. The evidence with reference to the ownership of the claim of plaintiff was at most conflicting. Plaintiff testified definitely and clearly as to the corner and boundaries of his claim; he was upon the ground and knew the outline of his claim. His testimony placed the claim in the exact position contained in the location notice. The evidence is amply sufficient to warrant the conclusion of the trial court.

3. The court properly excluded evidence of local custom and practice. There could be no custom or practice that would permit a miner or any other person to injure or totally destroy the property of another without responding in damages for such injury or destruction. Another person's property may not be thus taken without just compensation. Appellant is of the mistaken impression that the owner and operator of an hydraulic mining venture is cloaked with some protective garment that renders him immune from attack and permits flagrant abuse of the property rights of others, but which cannot be shared by those engaged in other walks of life. Such a theory is entirely untenable. (*Salstrom* v. *Orleans Bar Gold Mining Co.,* 153 Cal. 551 [96 Pac. 292]; *Dripps* v. *Allison's Mines Co., supra; People* v. *Gold Run Ditch & Min. Co.,* 66 Cal. 138 [4 Pac. 1152, 56 Am. Rep. 80].) There are many other cases in this and other jurisdictions to the same effect.

4. The measure of damages assessed was fully sustained by the evidence introduced in the trial of this action. The trial court would undoubtedly have been justified in finding damages in addition to those therein granted. The amount thereof was no more than compensatory, and in our opinion scarcely that. The work done and performed by plaintiff was entirely lost; it represented, in addition to his own labor, computed at the actual time spent in improving his property in order to make it productive, the money paid to others in assisting him to work the claim; the materials, supplies and tools belonging to, and paid for by plaintiff, were lost or destroyed, and plaintiff received no benefit whatever

from the moneys he had expended or from the labor he had performed.

We have already determined that the wrongs inflicted upon this plaintiff are actionable, and the authorities are too numerous to need citations that plaintiff is entitled to such damages as will compensate him for the losses which he has actually sustained by reason of the wrongful acts of the defendant.

The judgment appealed from is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.