SHENK, J.
The plaintiff, a public utility corporation, owns certain parcels of real property in Nevada and Placer Counties which are riparian to Bear River. For approximately ten years prior to the commencement of the action it has maintained a system of canals, power houses and regulating reservoirs through which, under its riparian and appropriative rights, waters from Bear River are diverted and used in the generation of electric energy sold by the plaintiff to the public. The waters of the river are also sold to several small communities, to the Nevada Irrigation District, and to the cities of Roseville and Lincoln for irrigation and domestic uses. The defendants within three years of the filing of the action commenced hydraulic placer mining operations above the points of diversion of water by the plaintiff. Their operations washed down tailings and detritus through the channel of the river and into the diversion and distributing system of the plaintiff, with the result that quantities of earth, sand, gravel, “slickens”, filth, debris, collodial matter and foreign substances were discharged into the reservoirs, canals, and power generating apparatus and caused serious damage thereto. The action was brought against several defendants who operated various mining properties above the lands of the plaintiff. The court found damage to the plaintiff’s property in excess of $232,655.54, but that the plaintiff had remitted the excess. It also found the proportions of that amount contributed by the several defendants and entered' its judgment accordingly, viz.: against You Bet Mining Company and J. W. Scott for $126,928.57; Liberty Hill Gold Mines, Ltd., and M. A. Grizzle for $16,-880.40; R. P. M. Davis, Liberty Hill Gold Mines, Ltd., and M. A. Grizzle for $83,970.57; D. B. Fuller, for $646, and Remington Hill Placers, Inc., Ltd., Frank A. Cramp ton and' others, for $4,240. Injunctive relief was also granted. The defendants You Bet Mining Company and J. W. Scott only have appealed from the judgment.
*584 The appeal was taken pursuant to the provisions of section 953a of the Code of Civil Procedure. A clerk’s transcript consisting of the judgment roll was filed. Proceedings for preparation of the reporter’s transcript were terminated in the trial court for failure of the appellants to deposit the ■cost of transcription of the testimony. A reporter’s transcript therefore was not filed. The respondent moved this court to dismiss the appeal on the ground that the reporter’s transcript had not been filed. The motion was denied. Inasmuch as a judgment roll is on file herein the appellants are entitled to a consideration of the appeal based thereon. {Ramsey v. Rodgers, 189 Cal. 100 [207 Pac. 516].)
The respondent also moved to dismiss the appeal or affirm the judgment on the ground of the claimed frivolous and insubstantial nature of the points raised by the appellants. That motion was continued for consideration with the appeal on its merits. The latter motion and the appeal are now before us for determination.
The appellants, who will be referred to <is the defendants, contend that this controversy as between them and the plaintiff, is between placer miners, and that the law and customs governing the corelative rights of placer miners in a placer mining district govern its disposition. The defendants contend that it appears from the judgment roll that the plaintiff’s rights originated as and continued to be those of a placer miner, and that a lower placer miner has no right to have the stream come down to him free of the washings, tailings, and detritus of an upper placer miner. It is urged that not only are the defendants not liable to the plaintiff for the damage done to the latter’s property by their placer mining operations, but that the plaintiff, if it desires the water to come down to it free from the tailings washed from the defendants’ mines, must compensate the defendants for the taking of that use. The court did not find that the lands of the plaintiff and the defendants were useful only for mining purposes. The defendants, however, invoke the judicial knowledge of the court that the lands are in a placer mining district, and have been so surveyed, returned and approved' by the United States government. The court upon the evidence before it, found that the lands of the defendants were not situate in a mining district, or in a district where placer mining constitutes the major industry, and that the *585 carriage or storage of mining debris was not the sole or economic use or value of the channel of Bear River. The finding continues: “Placer mining was the major industry at one time prior to the issuance of injunctions against hydraulic mining but. since said time and after about 1890 mining in said district has dropped off and become a very minor industry as compared with other industries and the use of said district as a collecting area for public power and irrigation water supply purposes and for conducting such water supply through said Bear river and its tributaries to public uses. Said latter industries and those dependent upon them render the mining operations of defendants and others in the district infinitesimal in comparison both in importance and amounts invested.” The findings also disclose that the mining properties of the defendants did not contain gold in quantites or values capable of being worked profitably by hydraulic or any ground sluicing process, and that the properties were not of any value for such purposes. The court further found that the plaintiff could not obviate the effect of the defendants’ operations by any reasonable expenditure.
The foregoing and related findings of the court, which also show that the defendants had no prior or prescriptive rights as against the plaintiff to discharge washings from its mining operations into the channel of Bear River, answer all of the defendants’ major contentions. It appears to be the law of this state that an owner of upper placer mining land, whether prior or subsequent, has no right to permit tailings, detritus and foreign substances to be washed onto the land of any lower proprietor or mine operator and cause damage to his property. The law that one may not use his own so as to cause damage to or destruction of his neighbor’s property governs, whatever may be the use of the land, and “custom” may not be invoked to excuse or justify such damage or destruction. (Hill v. King, 8 Cal. 336; Pilot Rock Creek Canal Co. v. Chapman, 11 Cal. 161; Esmond v. Chew, 15 Cal. 137, 143; Hill v. Smith, 27 Cal. 476; Robinson v. Black Diamond Coal Co., 57 Cal. 412 [40 Am. Rep. 118]; People v. Gold Run Ditch & Min. Co., 66 Cal. 138, 151 [4 Pac. 1152, 56 Am. Rep. 80]; Junkans v. Bergin, 67 Cal. 267 [7 Pac. 684]; Dripps v. Allison’s Mines Co., 45 Cal. App. 95 [187 Pac. 448]; Henderson v. Western Precipitating Co., 10 Cal. App. (2d) 18 [51 Pac. (2d) 126].) All *586 questions of fact bearing upon the nature and extent of the operations of the defendants and the corelative rights of the parties, considering the use to which each has put his land, have been resolved against the defendants. The court’s conclusions on the facts found show that the law was correctly applied.
The action herein was commenced and prosecuted to judgment in Placer County. The defendants contend that the action should have been commenced in Nevada County because the lands of the defendants are situate in that county. A sufficient answer is that the complaint shows that the lands of the plaintiff are situate in Nevada and Placer Counties. The Bear River flowing through those lands forms the boundary between the two counties. Inasmuch as a portion of the real property involved in the action was situate in Placer County, the action was properly commenced in that county. (Sec. 392, Code Civ. Proc.)
Finally the defendants contend that the court could not apportion the damages among the defendants. If the defendants were joint tort-feasors, the apportionment was advantageous to the defendants, since otherwise each would be answerable to the plaintiff for the full amount of the damage. If the defendants were separate tort-feasors, then any specific appropriate objection should have been made by demurrer or answer, otherwise it is deemed to have been waived. (Sec. 434, Code Civ. Proc.) The record indicates that the specific objection is made here for the first time.
The judgment is affirmed.
Seawell, J., Curtis, J., Waste, C. J., and Edmond's, J., concurred.
Rehearing denied.