REUBEN GATES *vs.* WILLIAM LEWIS.

Where the boundaries mentioned in a deed of conveyance are inconsistent with each other, those are to be retained which best subserve the prevailing intention manifested on the face of the deed.

Trespass *quare clausum fregit.* The trespass was alleged to have been committed on Right No. 64 in Sherburne, between the 15th day of July, A. D. 1830, and the commencement of the suit. The defendant pleaded *not guilty*, accompanied with notice, that he should justify the trespass, by showing title in himself, and also by showing title in Jesse Williams and Josiah Wood, and that he entered, and did the acts complained of, as their servant. On trial the plaintiff read in evidence a deed from said Williams and Wood to Pliny Church, dated January 10, A. 1822, and from Church to the plaintiff, dated October 2, A. D. 1824. The description of the land conveyed in both these deeds was the same, and as follows:—"a certain piece of land in Sherburne aforesaid, lying and being on the north-east part of the right, or proprietor's share, drawn or allotted to the name of *Jonathan Heath, Jr.*, bounded as follows, to wit: beginning at a birch tree the north-east corner of said right, thence south, twenty-eight west, on the east line of Sherburne, one hundred and fourteen rods to a stake and stones; thence north, sixty-two degrees west, parallel with the lines of said right, about two hundred and eighty rods, near to the top of the east hill, so called; thence northerly along or near the top of said east hill, in such a direction to the north line of the said right drawn to *Jonathan Heath, Jr.*, which right being numbered sixty-four in the plan of said town of Sherburne, as will include two hundred acres; thence easterly on the north line of said right 64 to the place of beginning." It appeared in evidence that the north line of said right intersected the east line of the town, about six and one fourth rods north of the birch tree aforesaid. It further appeared that there was an old line running westerly from said birch tree, which did not correspond with any lot lines, but diverged to the south thirty rods, or more, in crossing the lot; and it did not appear to have been ever regarded as a lot line. The plaintiff showed, that in A. D. 1825, he took possession under the deeds aforesaid, and made improvements extending to the north line of said right. The original title of Wood and Williams was admitted.

The defendant offered in evidence a deed from said Williams and Wood to himself, dated July 15, A. D. 1830, of about five

Rutland,
Februay,
1832.
Gates
vs.
Lewis.

acres of land, described in the deed as follows:—" Lying and being in Sherburne, in the county of Rutland, and state of Vermont, on the north-east part of Right No. 64, as numbered on the plan of the town of Sherburne. Beginning at a birch tree standing on the east line of said right, being the north-east corner of the lot conveyed by said Williams and Wood to Pliny Church; thence north, sixty-one degrees west, two hundred and sixty-seven rods to a stake and stones, standing on the north line of said right; thence south, sixty-two degrees east, on the line of said right, two hundred and sixty-seven rods to a stake and stone; thence south, twenty-eight degrees west, six and one-fourth rods to the birch tree, being the first mentioned bounds." This deed was objected to, as containing part of the same land before conveyed by the grantors to Church, and for that reason was excluded by the court. The trespass proved was committed after the execution of said deed to the defendant, and within the boundaries contained in that deed. The defendant brought up the case, on exceptions stating the aforesaid facts.

*R. C. Royce and Hodges for the defendant.*
*Aikens for the plaintiff.*

The opinion of the court was delivered by

Royce, J.—When Williams and Wood executed the deed to the defendant, the plaintiff appears to have been in possession of the land attempted to be conveyed by it, as part of his own purchase. And by reason of such possession alone, that deed was probably rendered invalid, under the statute of A. D. 1807. But in such case, the defendant might still have proceeded on his second ground of justification, by showing that he entered upon the plaintiff by licence and command of Williams and Wood, though their deed to him might not be competent evidence for that purpose. The ground on which the deed was rejected must necessarily have led to the exclusion of any evidence, however proper in its character, under this branch of the defence. Therefore, we are not to assume that no such evidence existed, or to refuse a new trial because it was not offered. At present, the cause must turn on the question, whether Williams and Wood had parted with their title, before they deeded to the defendant; in other words, whether the *locus in quo* was included in their previous deed to Church. A part of the description in that deed must, of course, be rejected, since the whole cannot stand. To give the deed the operation for

RUTLAND,
February,
1832.

Gates
vs.
Lewis.

which the plaintiff contends, we must reject the birch tree as the place of beginning, and the plaintiff's east line will run but one hundred and eight rods south of that tree, instead of one hundred and fourteen. All the other boundaries are preserved. On the defendant's construction, we must reject the north-east corner of the right as the place of beginning, and the north line of the right as the closing line in the description; and another line must be substituted, which is not given in the deed. In determining what part of this repugnant description shall be rejected, we must follow the prevailing intention of the grantors, as manifested on the face of the deed. They profess to convey two hundred acres in the north part of the lot. This language implies, (though not conclusively,) that no part of the lot was situated still further north and east than the tract granted. They expressly make the north and south lines parallel; and this becomes impossible, if we take a diagonal line running westward from the birch tree. The west line is extended by the deed to the north line of the right, and the latter is made the northern boundary. And the north-east corner of the right, as well as the birch tree, is made the place of beginning. From all this we are satisfied, that the north-east corner of the right was intended to be the controlling *terminus* in the description. The result is, that Williams and Wood had no interest in the land, by which their deed or licence to the defendant could be sustained.

Judgment of the county court affirmed.