## WHITE and al. *vs.* GAY and als.

Where the boundaries mentioned in a deed of conveyance are inconsistent with each other, those are to be retained which best subserve the prevailing design manifested on the face of the deed; and the least certainty must yield to the greater certainty in the description.

A conveyance of a lot of land out of a certain right, which was shown to have been previously surveyed and allotted, was holden to convey one of the lots according to said survey.

Where no number was given, to designate the lot, but it was described as adjoining the land of four several individuals, which description in full would include three several lots, and a much larger quantity of land than that named in the deed, but by rejecting one of the names of the persons, one lot only would be clearly designated, *held*, that such portion of the description might be rejected as a mistake as to said person's being an adjoining owner.

PETITION FOR PARTITION, alleging that the plaintiffs owned, in common with the defendants, forty-one and one third forty-eighth parts of two certain lots, or parcels of land, in Deering, which land is particularly set forth in the petition, and is described as being two gore lots of land, one numbered 41, the other situated immediately north of it, in said gore.

It was admitted that Benjamin and Hunking Penhallow originally owned thirty-three and one third forty-eighth parts of the land referred to, and that their interest in the same was conveyed by them to the petitioners, by their deed of April 3d, 1834, unless they had, prior to that time, conveyed their interest in said premises to Isaac Smith, by deed dated July 2d, 1825, under which deed the petitionees claimed. The description of the land conveyed in this deed was as follows: "thirty-nine forty-eight parts of a certain lot of 'land in the town of Deering, in the county of Hillsborough, 'and state of New-Hampshire, being out of right numbered 'fifteen, known as the Wibird right, said to contain one 'hundred acres, and is adjoining land of Ebenezer Gay, 'Mansel Alcock, William Shearer and Seth Gay, the part of 'said lot we mean to convey being thirty-nine forty-eight

'parts of the same, or eighty acres in common and undivid-
'ed with others.''

There was a controversy as to the construction of this
deed, and as to the land it included. It was contended, on
the part of the petitioners, that this deed conveyed the Pen-
hallows' interest *in Lot No. 38 merely*, while the petitionees
contended that it embraced the Penhallows' interest in that
lot, and also their interest in the adjoining land specified in
the petition for partition, viz., Lot No. 41, and the gore lot
north of the same, so that nothing passed to the petitioners
by their deed of April 3d, 1834, from said Penhallows.

Ira Gay was introduced as a witness on the part of the
petitionees, and testified to the ownership and occupation of
the individuals named in the deed from the Penhallows to
Smith, at the time of the date of said deed, viz. that Mansel
Alcock owned land upon the east, William Shearer and Seth
Gay upon the south, Seth Gay upon the west, and Ebene-
zer Gay upon the north, and that their occupation was as in
the annexed sketch.

Lot No. 38 was said to be an 100 acre lot, and lot marked
as 41 to contain about 66 acres, and the adjoining lot on the
north 17 acres.

It was submitted to the court, from the said testimony, and the description aforesaid, to determine what was conveyed by said deed.

Verdict was taken for the petitioners, subject to the opinion of the court as to the extent of the conveyance by the deed to Smith; and it was agreed that if said deed conveyed the interest of the Penhallows in the land described in the petition, then the verdict was to be amended, and the petitioners were to take judgment for eight forty-eighth parts merely, which were derived to them through another title by deed from Edward Cutts; the court to adjudge the costs as apportioned by law. It was also agreed, that, in case the construction contended for by the petitionees was sustained, that they should be considered as entitled to the number of shares specified in the deed to Smith, viz. thirty-nine forty-eighth parts.

*C. H. Atherton*, for the petitioners, contended that the case turned on the construction given to the deed from the Penhallows to Smith, dated July 2d, 1825, and that the land conveyed in said deed was part of an hundred acre lot, and the other particulars of the description were merely designed to show the locality of the lot.

Lot No. 38 is the lot conveyed by said deed. There is no other hundred acre lot adjoining land of Mansel Alcock, William Shearer and Seth Gay; and, though it does not adjoin land of Ebenezer Gay, in all other respects the description is correct. Notwithstanding the error in that particular, the lot 38 is clearly designated as the lot intended to be conveyed.

The expression, "*adjoining land*," has a different meaning from the words, "*bounded by land.*" The latter terms are used where the bounds on each side are given. The former tends to point out the land merely, trusting to other matters of description to determine the boundary.

A leading principle in the construction of deeds is, that if

there are certain particulars which designate the land intended to be conveyed, the addition of a circumstance, false or mistaken, will not frustrate the grant, or change it. 2 *N. H. R.* 287, *Greely* vs. *Steele ;* 7 *Johns.* 223, *Jackson* vs. *Clark ;* 18 *Johns.* 84, *Jackson* vs. *Loomis ;* 4 *N. H. R. Webster* vs. *Atkinson ;* 5 *ditto* 58, *Tenney* vs. *Beard ;* 4 *Mass.* 196, *Worthington and als., Exrs.,* vs. *Heyley and als.*

In this case there are particulars enough in the description to designate the lot. The distinction lies betwixt what was intended as the subject matter of the conveyance, and what was afterwards added for a more particular description. What was the subject of conveyance must be collected from the whole deed.

*Farley,* for the petitionees, contended, that the number of the lot not being given, it could not be located by the number, and nothing being said of a plan, no reference could be had to any plan, to ascertain the extent of the grant. There is, therefore, no way to determine the intention of the parties but by the boundaries given in the deed.

The petitionees claim precisely as is described in the deed, that is, " the lot," or distinct portion or parcel of land bounded easterly on land of Mansel Alcock, southerly on land of William Shearer and of Seth Gay, westerly by Seth Gay, and northerly by land of Ebenezer Gay.

This tract includes more than one hundred acres ; still the boundaries must govern. 2 *Mass.* 380, *Howe and al.* vs. *Bass ;* 5 *N. H. R.* 58, *Tenney* vs. *Beard, and authorities there cited.*

In a deed poll, where there is a doubt the construction must be against the grantor. 4 *Mass.* 205, *Worthington* vs. *Hyler.*

In this case, had the intention been to convey any particular lot, as surveyed in the Wibird right, the number of the lot would have been given.

If nothing was conveyed by the deed to the petitionees

White & al.   but lot 38, then Seth Gay has no title to any land described
*vs.*
Gay & als.    in the petition, and the verdict should have been for him.   5
              *N. H. R.* 219, *Hunt* vs. *Hazleton and al.*

UPHAM, J.    This case turns upon the construction to be
given to the deed from the Penhallows to Isaac Smith, dated
July 2d, 1825.

The deed conveys an undivided portion of a certain lot,
specifying the right in which it is situated, and the number
of acres it is said to contain.   After this description, the fol-
lowing clause is added :  " And is adjoining land of Ebenezer
Gay, Mansel Alcock, William Shearer, and Seth Gay ;" and
the question arises, whether this is part of the original de-
scription of the land, or is merely a specification of additional
particulars applicable to the lot.

It is often the case, after giving a full description of land
conveyed, the grantor adds, and is the same land conveyed
to me by deed of a certain date, recorded in the county re-
cords in such a book and page, or other additional matter of
information.   In this case, after giving a description of the
land, a supplementary clause is added, and " is adjoining land
of Ebenezer Gay," &c.   This phraseology does not purport
to give the boundaries of the land, but is manifestly, as we
think, merely accessory to the principal description.

If this be the true construction of the deed, then a partic-
ular *lot* was designed to be conveyed, and the expression
used in such connection is technical, and could mean no
other than one, among various lots, duly laid out by some
prior survey.

Such being the case, it becomes necessary to ascertain
from other sources, in the deed or elsewhere, what lot is
meant, as no number is given.   It is defined to be a lot of
land adjoining the land of Ebenezer Gay, Mansel Alcock,
William Shearer and Seth Gay.   This description is appli-
cable to lot number thirty-eight, in all particulars except
that it does not adjoin land of Ebenezer Gay ; but it is im-

possible to apply the description to any other lot. The only way in which such description can be made applicable to any tract of land, is to add to number thirty-eight two additional gore lots, and part of lot number thirty-nine, making three lots and part of another lot, instead of one, containing in all two hundred and thirty-three acres; but this would overrule what we conceive to be the previous description of the deed, and would render the term *lot* wholly unmeaning, as used in any technical sense, besides very much exceeding the prescribed quantity of land.

We sometimes use the term *lot* in a restricted sense, limiting it at the time, as a wood-lot, a house-lot, or store-lot; but where the term is used unqualifiedly, especially if said to be a lot in a certain range, or right, it is almost uniformly used in a technical sense, and means a lot in a township as duly laid out by the original proprietors. Such, we have no doubt, was the intention here; and, number thirty-eight being the only lot to which the description can apply, it must be considered as the lot designed to be conveyed; and that portion of the description, where it is said to be adjoining land of Ebenezer Gay, is a mistake, and must be rejected.

The well known rule of law is applicable here, that where conflicting descriptions cannot be reconciled, that construction must be adopted which best comports with the manifest intention of the parties, and the circumstances of the case. 8 *Green.* 61, *Loring* vs. *Norton;* 5 *N. H. R.* 58, *Tenney* vs. *Beard;* 4 *Green.* 429, *Preston* vs. *Bowmar.* Where the boundaries mentioned in a deed of conveyance are inconsistent with each other, those are to be retained which best subserve the prevailing design manifested on the face of the deed, and the least certainty must yield to the greater certainty in the description. 2 *Barn. & Ald.* 625, *Cholmondeley* vs. *Clinton;* 6 *Cranch* 148, *Massie* vs. *Watts;* 11 *Conn.* 335, *Benedict* vs. *Gaylord;* 7 *Verm.* 511, *Gates* vs. *Lewis;* 4 *Mass.* 205, *Worthington & als.* vs. *Hayley & als.*

White & al.
*vs.*
Gay & al.

It is also a rule of law, that if an estate is clearly and explicitly described in a deed of conveyance, and a subsequent clause is introduced, as farther descriptive of the estate, but which is of doubtful import, or repugnant to the first clause, such latter description will be rejected. 3 *Pick.* 272, *Cutler* vs. *Tufts;* 2 *Bos. & Pul.* 43, *Cartwright* vs. *Amatt.*

These principles sustain the construction we have given to the deed from the Penhallows to Smith, limiting the title of the petitionees, under such deed, to lot numbered thirty-eight.  The land, therefore, included in the petition for partition, not having been conveyed by said deed, remained the property of the Penhallows, until conveyed by them to the petitioners, April 3d, 1834.  The petitioners are, therefore, entitled to judgment for partition for the interest so conveyed to them, being thirty-three and one-third forty-eighth parts of the same.  Also, for their portion of land derived by title from Edward Cutts, being in all forty-one and one-third forty-eighth parts of the land named in the petition.

It has been said, that, if the construction of the deed from Smith is limited to lot numbered thirty-eight, then Seth Gay, the only one of the petitionees who has plead in the case, has no title in the land embraced in the petition, and therefore a verdict should have been taken in his favor; but he should have disclaimed, and have set up no title to the tract. Not having done this, it is too late now to take the exception.

*Judgment for partition.*