SAMUEL ABBOTT *versus* MOSES ABBOTT.

To determine the true construction of a deed, it is proper to look at its origin and the sources of its derivation, as well as to the then existing state of facts.

Where several particulars descriptive of the land intended to be conveyed by a deed are named therein, some of which are false, if the true are sufficient to designate the land, the false will be rejected.

Where the land described was the "west half of lot 284 * * as surveyed by I. B. & J. B., by order of the *Court of Sessions;*" when in fact I. B. & J. B. never surveyed it by order of any court, but as a committee of the *Court of Common Pleas*, duly partitioned said lot assigning the "west half" to the defendant's grantor and the east half to the plaintiff's grantor; — *Held,*

1. That the latter words referred to the partition made by order of the Court of Common Pleas, and not to a former partial survey made by one J. H. at the request of the then owner, but never adopted by him : and

2. That if the latter words were to be rejected as erroneous, then the words "west half of lot 284" are a sufficient description to pass the title.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, C. J., presiding.

TRESPASS QUARE CLAUSUM.

The case was referred to the presiding Judge with the right to except, who found as matters of fact as follows : —

That neither party have acquired rights by open, adverse and exclusive possession for twenty years.

That the line run by Harvey was always recognized and claimed by the owners and occupants of the two parts of the lot until 1854, when the plaintiff discovered it was not in the centre of the lot, and after that period there was a mixed possession of the land in dispute.

That the land was legally held in common, though the occupation may have been several until 1834, when partition was made.

That the commissioners divided the land equally; that the defendant had, as a matter of fact, acquired no rights by adverse possession, and that the plaintiff was not disseized.

That, if parol evidence of the intention of the plaintiff is admissible, he intended to convey the west part of the lot only, according to the division made by the commissioners.

The presiding Judge determined as a matter of law, upon these facts and findings, that the effect of the deed of the plaintiff to Stevens, and Stevens to defendant, was to convey the west half of the lot 284 by a true centre line, and that the grass was cut upon the land lying between the centre of the lot and the dividing line, and that the defendant was guilty of the trespass in manner and form as the plaintiff has declared against him, and assessed one cent damage for the plaintiff.

To which the defendant excepted.

The remaining facts appear in the opinion.

*McCrillis*, for the defendant, argued elaborately the following propositions : —

The description in the deed was sufficient to identify the land conveyed. The description in the deed was to be taken as if it embraced these words alone — " west half of lot 284 as surveyed," because the words " by Johnson and Boynton by order of Court of Sessions" — are false, and to be disregarded.

2. When the words " west half of lot 284 as surveyed" were brought into contact with the collateral facts, there was a surveyed line dividing the lot ; it tallied with the de-

scription in the deed, and was a sufficient and complete description of the land conveyed.

3. Where the description in the deed applies equally to two or more pieces of land, parol evidence of the real intention as to which of the two or more pieces of land was actually meant to be conveyed, was admissible.

4. Or, if the description in the deed, when brought into contact with the collateral facts, was so loose and uncertain that it could not be applied, parol evidence of the real intention may be received to aid the application of the description and prevent the deed being inoperative, provided such parol evidence of intention does not contradict the language of the deed. If it does contradict the words of the deed, it is inadmissible, and the deed is void for uncertainty.

5. In regard to the acts of the parties in recognizing this line after the deed conveying the land was delivered. The courts sometimes say such acts amount to a construction of the language of the deed by the parties. Such acts are *collateral* to the true intent of the parties. In this case the recognition of this dividing line by the parties is evidence collateral to the true intent of the word surveyed in this deed, and conclusive that the parties intended to convey by this dividing line.

*L. Barker* and *C. P. Stetson*, for the plaintiff.

APPLETON, C. J. — This is an action of trespass *quare clausum*. The trespass is described as having been committed on the east half of lot No. 284, in Etna. If the plaintiff is entitled to the east half of the lot, his right to recover is not denied.

It was in proof that Samuel Abbott, the father of these parties, was the owner of lot 284, and, being dangerously ill and wishing to divide his real estate between his children and his wife, procured one Joseph Harvey to run certain lines for that purpose. Harvey ran one exterior line on the east side of this lot, and a line as and for the dividing line of the same, which in fact divided the lot unequally, and

likewise ran around other lots of said Abbott and made a plan of his doings.

Samuel Abbott, senior, for whom these and other lines on other lots had been run, for the purpose above indicated, made his will without referring to any plan or survey of Harvey, devising lot 284, to his wife and sons, in certain proportions as tenants in common.

The two lines on the lot in controversy were run for Samuel Abbott, senior, for a specific purpose, which was never carried into effect, for it is certain that these runnings were never adopted as a divisional survey by the person by whose order and for whom they were thus made.

Upon the death of Samuel Abbott, in September, 1831, the devisees of lot 284 held the same as tenants in common.

At the October term of the Court of Common Pleas, 1833, Sewall Abbott, who had acquired by purchase from the devisees thereof an undivided half of lot 284, petitioned said Court for a partition thereof, and Israel Johnson and Isaac Boynton were duly appointed a committee to make partition. On the 17th day of May, 1834, after being first sworn, they proceeded to execute their commission, and made a report of their doings, assigning to the petitioner the west half of the lot, which was accepted, and their doings confirmed, and these proceedings entered of record. The plaintiff subsequently acquired his title to the east half from the devisees upon whom it devolved by virtue of these proceedings.

These parties respectively derive their title from the will of their father, and through the partition referred to. No other partition is alleged or pretended.

In 1834, Sewall Abbott released his interest to the plaintiff, who, on the 15th April, 1836, conveyed the same to John Stevens, from whom the title passed to the defendant by deed dated Jan. 31, 1837. These deeds, after describing other lots in Etna, proceed as follows :—" Also, west half of lot 284 and half of gore, both containing fifty acres, being

the same, more or less, as *surveyed by Israel Johnson and Isaac Boynton*, by order of the Court of Sessions.

In construing a deed, the intention of the parties, if ascertainable, should in all cases govern. To determine the true construction of the deed under which the defendant derives his title, it is proper to look at its origin and the sources of its derivation, as well as to the then existing state of facts. The lot had but recently been divided among the devisees by Israel Johnson and Isaac Boynton. No other partition had or has ever been made. It had been done by a court having competent jurisdiction, but which is misdescribed. The parties knew of the partition. Now, looking at the record title, we cannot doubt that the deed refers to the partition made by order of the Court of Common Pleas, by a committee appointed by said Court. If so, the plaintiff's right to recover is unquestioned, as by his partition the lot was divided into two equal parts.

If parol evidence is admissible to show the intention of the grantor, then the Court found as matter of fact that the reference in the plaintiff's deed to Stevens to the survey was inserted for the express purpose of limiting the grant by the terms of the partition, which would give the defendant the west half of the lot and no more. This finding as a matter of fact is conclusive.

If the clause " as surveyed," &c., is open to explanation to ascertain its meaning, then the evidence introduced negatived the fact that it referred to any survey, and shew that the clause referred to the partition, and nothing else.

The expression " west half of lot No. 284," is clear and unambiguous. No body doubts or can doubt what is thereby intended. The clause " as surveyed by Israel Johnson and Isaac Boynton, by order of the Court of Sessions," is incorrect, neither they nor any other person having made such survey by order of the Court of Sessions or by that of any other court.

The rules of construction, upon the last hypothesis, seem to be well established. When several particulars are nam-

ed descriptive of the land intended to be conveyed in a deed, if some are *false* and inconsistent, the true are sufficient to designate the land, and those which are false and inconsistent will be rejected. *Vose* v. *Handy*, 2 Greenl., 322. A clear general description of the property is not controlled by any subsequent expression of doubtful import in respect to any particular. *Ela* v. *Card*, 2 N. H., 175. Erroneous or defective reference to the sources of title will not be permitted to vary a prior description, clearly and definitely given. *Crosby* v. *Bradbury*, 20 Maine, 61. Where the description consists of several parts, it may prove, upon comparing the description with the land itself, that some of the particulars are incorrect, mistaken or false. " In such case," observes BELL, J., in *Drew* v. *Drew*, 8 Foster, 498, " the law is well settled that, if it can be ascertained from such parts of the description as are found correct what was intended to be conveyed, the instrument will be effectual, the property will pass, and the incorrect parts of the description will be merely rejected and disregarded. The authorities on this are very numerous and uniform." If, in the description of the land intended to be conveyed by a deed, any part of the description is false or mistaken, it will be rejected. *Harvey* v. *Mitchell*, 11 Foster, 575. So if there is a contradiction in the description, that part of it is to be taken which gives most permanence and certainty to the location. *Jackson* v. *Loomis*, 18 Johns., 81.

Rejecting what is erroneous, the conveyance of the half remains.

When this case was first presented, the fact of a partition made by Johnson and Boynton, by order of the Court of Common Pleas, was not in proof, and the material facts upon which that decision is based are shown to be erroneous.

That the parties did not refer to the alleged running of Harvey is abundantly manifest. He never surveyed the whole lot or either half thereof. His running was never adopted by the party by whom he was employed. He is

not referred to by name in any of the deeds under which the parties respectively claim title. The deed refers to a survey by two men by name acting under the order of a court, not to that by one man not named and acting without judicial authority.

The question of adverse possession does not arise in the case as now presented. It is conceded that no rights have been acquired by either party by disseizin.

In any view which can be taken of the case, the plaintiff is entitled to recover. *Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON and BARROWS, JJ., concurred.