[No. 6,825.—Department No. 2.]

## WINANS *v.* CHENEY ET AL.

DESCRIPTION IN DEED—BOUNDARY—QUANTITY—CONSTRUCTION.—A call in a deed for metes and bounds, if clear, will prevail over a call for quantity; but, where the boundaries are doubtful, quantity often becomes a controlling consideration.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Fourth District Court, County of Sonoma. TEMPLE, J.

*J. W. Winans*, for Appellant.

The deed of plaintiff makes the western boundary of her land " the summit of the ridge dividing the Valley of Petaluma from Sonoma Valley." We submit that, by the evidence, the western range is not only shown to be in its physical character the ridge which divides the two valleys, but it is also established by other circumstances, as the very ridge referred to in the deed. The quantity, being the least certain part of the description, must yield to the boundaries. (*Stanley* v. *Green*, 12 Cal. 166; *Schoonmaker* v. *Davis*, 44 Barb. 463; *De Arguello* v. *Greer*, 26 Cal. 615; *Wendell* v. *The People*, 8 Wend. 190; *Colton* v. *Seavey*, 22 Cal. 496; *Chipman* v. *Briggs*, 5 id. 76; *Jackson* v. *McConnell*, 19 Wend. 175.) All doubts as to the meaning of the deed must be solved in favor of the grantee. (*Piper* v. *True*, 36 Cal. 606; *Salmon* v. *Wilson*, 41 id. 595; *Muller* v. *Boggs*, 25 id. 175.) In *Winans* v. *Murray*, No. 3179, (not reported) the same question here involved was, upon similar evidence, before the Court, and the Court held that the western range was the boundary called for.

*William D. Bliss*, and *E. S. Lippitt*, for Respondent.

The statement of the quantity of land to be conveyed is an important element in determining whether the higher or lower ridge is to be taken as the boundary. It points clearly to the higher ridge. (*Doe* v. *Vallejo*, 29 Cal. 386; *Field* v. *Columbet*, 4 Sawy. 523; *McCune* v. *Hull*, 24 Mo. 573; *Kirkland* v. *Way*, 3 Rich. 4; *Herrick* v. *Sixby*, Law R. P. C. vol. 1, p. 452.) The other calls lead to the same conclusion.

THORNTON, J.:

The action was ejectment, brought to recover a parcel of land in Sonoma County. The cause was tried by the Court, and judgment passed for defendants. Plaintiff moved for a new trial, which was denied, and plaintiff appealed from the judgment and order denying his motion.

The main question argued relates to the western boundary of a parcel of land conveyed by M. G. Vallejo to one Hiram Leonard on the 20th day of October, 1857, under which plaintiff claims. There appeared to be two ranges of hills or mountains, one lying east of the other. The east range is the higher of the two. Plaintiff contends that the western boundary of the tract is a line running along the summit of the western range. Defendants contend that the western boundary is a line running along the summit of the eastern ridge. If the contention of the plaintiff is correct, she is entitled to recover, inasmuch as the line running on the summit of the western range would include the parcel of land claimed by defendants. If the view urged by the defendant is the true one, plaintiff must fail, and the judgment and order appealed from must stand.

The question as to the proper location of the line was fully discussed on the argument, and reference was made quite fully to the testimony in the cause. We have examined this testimony carefully, and cannot, after full consideration, conclude that the decision of the Court below is not correct.

An opinion of the learned Judge of the Court *a qua* is printed in the record. It satisfies us that the question above stated was elaborately examined by him, and every phase of it fully inves-

tigated. We cannot discover any misapplication of the rules laid down by jurists for the determination of questions of this character. The evidence disclosed an ambiguity as to the range of mountains referred to. The deed described the land. In the statement it appeared that the land described contained " one thousand and fifty-six acres, more or less." It is testified to by a witness, who was a surveyor, that he had made an accurate survey of the Leonard tract as claimed by plaintiff and defendants: that as claimed by the former his survey made it 1,737 13-100; by the latter, 1,067 19-100 acres.

In regard to this matter the learned Judge, in his opinion above mentioned, says that the quantity indicates the highest ridge as the range of mountains referred to in the deed. He proceeds thus :

" Quantity, of course, of itself is no description. It does not give boundaries of course, therefore, metes and bounds will prevail where there is a conflict. But when boundaries are doubtful in themselves, quantity often becomes the controlling fact. It often makes the metes and bounds certain. The quantity, taking the eastern ridge as the boundary, approximates the quantity mentioned in the deed, being eleven acres more than the deed calls for. Taking the western ridge for the boundary it adds 680 acres, nearly two-thirds as much more, to the deed."

Such a discrepancy should not be disregarded in arriving at the proper location of the disputed boundary under the circumstances disclosed in the case. In our opinion the evidence sustains the findings.

The adoption of the eastern ridge as the boundary led to a judgment for defendants.

We have examined the other points discussed, and can find nothing erroneous in the conclusion reached by the Court below.

The judgment and order are affirmed.

SHARPSTEIN J., and MYRICK, J., concurred.