CHARLES G. MORAN ET AL. v. PETER LEZOTTE ET AL.

*Deed—Construction of descriptive clauses.*

54 83
59 402
54 83
92 6
54 83
94 598

1. A description in a deed which gives a part of the boundary as "thence running *to the rear* of the said" land, does not necessarily mean that the granted parcel is bounded by the rear line of the land referred to, but may simply indicate the direction of the boundary, as if the word "towards" were used instead of "to."

54 83
116 605

54 83
s19NW 757
131 8232

2. Every word in a deed must, if possible, be given effect and harmonized with all the rest.

3. Rules of construction are only for reaching the probable intent of the instrument construed, and are necessarily flexible.

54 83
135 2429

54 83
145 7210

4. The statement of quantity in the descriptive clause of a deed may properly be taken as controlling where the circumstances show that it is the particular least likely to be wrong, and where the description is ambiguous or indefinite in respect to fixed lines and monuments.

5. Negotiations for a sale of land, including a bond for its transfer, are merged in the deed thereof; and while the bond cannot contradict the deed it is proper to resort to it for an explanation of ambiguities therein.

6. In ejectment for land which defendant claims was not included in the deed under which plaintiff's title is asserted, the plaintiff, if the deed is ambiguous, can show such conjoint acts of the parties thereto as tend to show their understanding of the location of the boundary and that stakes placed by them were so placed to define it.

7. Declarations by an original grantee before parting with his title may be shown in an action of ejectment brought by parties claiming under him, if adverse to the claims made by them.

8. Plaintiff in ejectment is entitled to a judgment for so much of the land as he shows title to, even though a larger quantity is in dispute.

Error to Macomb. (Stevens, J.) April 24.—June 11.

EJECTMENT. Plaintiffs bring error. Reversed.

*Atkinson & Atkinson* for appellants. Every part of a deed must be given effect, if possible : 3 Washb. R. P. 628; *Hibbard v. Hurlburt* 10 Ver. 178 ; *Purkiss v. Benson* 28 Mich. 538 ; a statement of quantity in a deed is not affected by

the words "more or less:" *Holland v. Rea* 48 Mich. 223 ; *Cabot v. Winsor* 1 Allen 550 ; *Morris v. Levison* L. R. 1 C. P. Div. 157 : Benj. Sales 569 ; *Blaney v. Rice* 20 Pick. 64 ; the line with reference to which a deed is made as an established line will be so regarded in the construction of the deed : *Flynn v. Glenny* 51 Mich. 580 ; *Joyce v. Williams* 26 Mich. 332 ; *Diehl v. Zanger* 39 Mich. 603 ; *Chapman v. Crooks* 41 Mich. 597 ; *Bower v. Earl* 18 Mich. 375 ; *Baldwin v. Brown* 16 N. Y. 361 ; *Twogood v. Hoyt* 42 Mich. 610 ; *Fahey v. Marsh* 40 Mich. 236 ; *Simpson v. L. P. M. & S. Co.* 17 Fed. Rep. 124 ; *Nickerson v. A. T. & S. F. R. R. Co.* id. 409 ; *Gregory v. Knight* 50 Mich. 62 ; *Stewart v. Carleton* 31 Mich. 272 ; *Smith v. Hamilton* 20 Mich. 438 ; *Dupont v. Starring* 42 Mich. 493 ; *Sparrow v. Hovey* 44 Mich. 64 ; *Davis v. Bowmar* 55 Miss. 742.

*Crocker & Hutchins* for appellee.   The meaning of the words of an instrument determines its construction : 1 Greenl. Ev. § 277 ; 2 Washb. R. P * 736 ; *Adair v. Adair* 5 Mich. 205 ; *Child v. Wells* 13 Pick. 121 ; *Crosier v. Acer* 7 Paige 141 ; *Austin v. Sawyer* 9 Cow. 49 ; *McGuire v. Stevens* 9 Am. L. Reg. (N. S.) 484 ; the statement in a deed of the quantity of land conveyed is matter of description merely, and will be rejected if inconsistent with fixed monuments : 3 Washb. R. P. 347 ; 4 Kent's Com. * 466 ; *Gilman v. Riopelle* 18 Mich. 146 ; *Butterfield v. Cooper* 6 Cow. 481 ; *Mann v. Pearson* 2 Johns. 37 ; *Jackson v. Defendorf* 1 Cai. 493 ; *Jackson v. McConnell* 19 Wend. 175 ; *Van Wyck v. Wright* 18 Wend. 157 ; statements made by the parties to a deed when giving it are merged in the deed and cannot be shown : *Martin v. Hamlin* 18 Mich. 354 ; *Jones v. Phelps* 5 Mich. 218 ; *Sutherland v. Crane* Walk. Ch. 523 ; *Cline v. Hubbard* 31 Mich. 238 ; their acts and declarations are not admissible to show their interpretation of it : *Locke v. Whiting* 10 Pick. 278 ; *Allen v. Kingsbury* 16 Pick. 235 ; *Giles v. Comstock* 4 N. Y. 271 ; *Drew v. Swift* 46 N. Y. 204.

COOLEY, C. J.   In September, 1845, Gazette Trombley executed and delivered to Pierre Joseph Bonay a bond, in which, after reciting that " whereas the said Gazette Trombley has this day sold the above-named Pierre Joseph Bonay forty-three French arpents of land, situated and described as follows : Bounded in front on Milk river one and a half French arpents in front ; bounded on the north side by lands

owned by Joseph Campau; on the south and rear by lands owned by Gazette Trombley,—this land being part and parcel of a tract of land containing five hundred and thirty acres, granted to the said Gazette Trombley by the President of the U. S. A., on the first day of June, 1811; and, whereas, there is due me," on the purchase money, seventy-nine dollars and fifty cents,—the obligor undertook to convey the same to said Bonay when the sum of money mentioned should be paid. A deed was given in performance of this obligation, May 24, 1848, and the land was described therein as " bounded in front on Milk river, commencing at the corner in front by land owned by Joseph Campau; thence following the river up stream one and a half arpents; thence running to the rear of the said Gazette Trombley land the same width,—containing forty-three French acres, be the same more or less; being part and parcel of a tract of land, containing five hundred and thirty acres, granted to the said Gazette Trombley by the President of the United States on the first day of June, 1811." The difference between the descriptions in the bond and in the deed will be obvious at a glance; it consists in the main in this: that in the deed the parcel of land one and a half arpents in width is bounded in the rear " by lands owned by Gazette Trombley," while in the deed it is made to run " to the rear of the said Gazette Trombley land." By the "Gazette Trombley land " here it is assumed on both sides that the tract of 530 acres, granted to Trombley in 1811, was intended. Trombley, it appears, had obtained a subsequent grant, bounded on this in the rear.

The present suit grows out of the fact that a parcel of land one and a half arpents in width, on Milk river, and extending the same width to the rear line of the grant of 1811, will contain sixty-five instead of forty-three French acres; and the question now in controversy is whether the deed to Bonay is to be construed as conveying the sixty-five acres, or whether it is to be restricted to forty-three acres. The controversy, therefore, concerns the rear twenty-two acres of the strip of land one and a half arpents wide on Milk river, and extending the same width to the rear line of the grant of 1811. The

defendant, who deduces title through the Bonay deed, is in possession. He claims that the deed gives the rear line of the grant of 1811 as one of the boundaries of the tract conveyed, and he relies upon the familiar rule of construction that quantity must yield to fixed lines and monuments when they conflict, as entitling him to hold the land in dispute. The plaintiffs, who hold conveyances from the heirs of Gazette Trombley, dispute this construction of the Bonay deed, and contend that it conveys forty-three acres, and no more. And on the trial they offered evidence of acts and declarations of Trombley and Bonay, made after the execution of the deed, tending to show not only that they understood the deed to embrace forty-three acres only, but that they made practical location of the rear line of the parcel in accordance with that understanding. The circuit judge excluded evidence of declarations, and adopted the construction of the Bonay deed which was contended for by the defendant. This construction necessitated a verdict in the defendant's favor.

The view which the circuit judge took of the deed assumed that there was an error in the description; but that, as the front and rear lines, as well as the width of the parcel, were definitely fixed, the error must necessarily be in the specification of quantity, and consequently, that such specification must be rejected. With that done, all is plain and certain, and the conclusion of the circuit judge is a necessary one.

But the first question in the case is whether any error exists. We are not lightly to assume this, and all presumptions are against it. It is to be supposed that the parties have intelligently, as well as purposely and without error, made use of every phrase and every word which their deed contains; and in applying the deed to the subject-matter, the court must proceed upon this assumption until it is clearly made to appear that a mistake exists. Every word is to have effect, and to be harmonized with all the rest if that shall be found possible. *Shultz v. Young* 3 Ired. Law 385 : s. c. 40 Am. Dec. 413 ; *Thatcher v. St. Andrew's Church* 37 Mich. 264; *Moore v. Griffin* 22 Me. 350; *Herrick v. Hopkins* 23 Me. 217; *Watters v. Bredin* 70 Penn. St. 235; *Richardson*

*v. Palmer* 38 N. H. 212; *Miller v. Bryan* 86 N. C. 167; *Churchill v. Reamer* 8 Bush 256; *Alton v. Ill. Transp. Co.* 12 Ill. 38: s. c. 52 Am. Dec. 479.

The difficulty here is in harmonizing the part of the description which extends the tract conveyed "to the rear of the said Gazette Trombley land," with the part which specifies the quantity. If the rear line of the tract is to be the rear boundary of the parcel conveyed, this is impossible. The question, then, is whether effect can be given to every part of the description without making the rear line of the tract the rear line of the parcel conveyed. And the solution of this question must depend upon the meaning to be imputed to the words "to the rear," as here made use of.

The word "to," as commonly made use of, conveys to the mind the idea of movement towards and actually reaching a specified point or object; and the meaning is not satisfied unless the point or object is actually attained. But this use is not universal; the word is sometimes employed in a sense that embraces a part of this idea only, or simply as a word of direction; as we say to the north or to the south, when we mean in those directions merely; or as in the army an officer might command a wounded man, or any impedimenta, to be taken to the rear. In many cases the word has a meaning nearly synonymous with "towards;" and if in the Bonay deed it has been used in that sense, all the parts of the description can be perfectly harmonized.

Now, there would have been nothing strange in the parties making use of the word in that sense. A strip of and was to be conveyed, parcel of a large tract; the parties had a natural boundary for the front, and they proposed to extend it from this front boundary for a specified width "to the rear" of the tract, to embrace forty-three acres. When it is ascertained that to extend the parcel to the rear line of the tract is to make it embrace fifty per cent. more land than the quantity mentioned, it seems highly probable that, in the language made use of, they intended only an extension of the side lines in the direction of the rear, but not necessarily to the rear line, unless it should be found necessary to go to that

line in order to include the specified quantity. See, for its analogy, *Massey v. Belisle* 2 Ired. N. C. L. 170.

But if this supposition be inadmissible, and if it be conceded that the quantity specified and the other particulars given cannot be harmonized, the difficulty in construction is not necessarily solved. It is, no doubt, generally true that where definite lines or definite monuments are given in a conveyance, and the quantity mentioned conflicts with these, the lines or monuments must control. But there is no inflexible rule of law to this effect; nor indeed would such a rule be consistent with the main purpose for which rules of construction are established. The only purpose of rules of construction is to enable us to reach the probable intent of the parties, in order that we may give it effect; and unless they are somewhat flexible, they would, in many cases, defeat the actual intent, even when upon the face of the instrument it was obvious what the intent was. The errors in deeds are infinite in variety and form; and any one case of mistake may present considerations a little different from any other. The most general rule of all, perhaps, is that in case of conflicting particulars in a description, that particular in respect to which there is the least probability of error should control : *Gates v. Lewis* 7 Vt. 511; *Abbott v. Abbott* 53 Me. 356; *Piercy v. Crandall* 34 Cal. 334; *Fulwood v. Graham* 1 Rich. 491; and this is reasonable, because it is most likely to effectuate the actual intent. In general, fixed lines and monuments are allowed to control quantity, for the reason that these, being known and open to the observation of the senses, are more likely to have been noted by the parties in the course of their negotiations, and fixed upon in their minds as the important particulars in their conveyance, than the quantity which may or may not have been accurately determined, and often is not specially made prominent. *Powell v. Clark* 5 Mass. 355; *Doe v. Porter* 3 Ark. 18: s. c. 36 Am. Dec. 448; *Gilman v. Riopelle* 18 Mich. 145; *Petts v. Gaw* 15 Penn. St. 218; *Fuller v. Carr* 33 N. J. L. 157; *Nichols v. Turney* 15 Conn. 101; *Heaton v. Hodges* 14 Me. 66: s. c. 30 Am. Dec. 731, and note, 741.

But cases sometimes arise in which in the deed itself it is made apparent that quantity was more prominent in the minds of the parties than any other single particular which is given; and in such a case the purpose in construction, and the general rule that the particulars shall be allowed to control in respect to which there is least probability of error, would both be disregarded if quantity were to be subordinated in construction to something else. Such a case, apparently, we have here.

This deed, as has been said, was given in satisfaction of a previous bond. In the description as given in the bond no ambiguity or error appears; the land to be conveyed is simply forty-three French arpents, with a front on Milk river of one and a half arpents, and bounded on the rear by Trombley's land. Manifestly, in this bond, the quantity specified limits the extension of the lines to the rear: they are to go back far enough, and only far enough, to include the quantity specified. If the same description had been carried into the deed, it would be plain that defendant could have no claim to the land in dispute; for apparently Bonay, through whom he claims, never bought it. But the deed merged the previous negotiations of the parties: *Howes v. Barker* 3 Johns. 506; *Kerr v. Calvit* Walk. (Miss.) 115: s. c. 12 Am. Dec. 537; *Hunt v. Amidon* 4 Hill 345: s. c. 40 Am. Dec. 283; *Wells v. Jackson &c. Co.* 47 N. H. 235; *Vanderkarr v. Thompson* 19 Mich. 82; and it is by the deed that parties claiming under the grantee named in it must abide now. But the bond may assist in explaining an ambiguity which is disclosed in the deed; it may lend a probability to the case of one party or the other, as his case would appear on the face of the deed were that instrument considered independently; it may explain the deed, and enable us to determine what is erroneous in it, though it cannot be allowed to overrule it. And if the bond and the deed are considered together, it would be very clear that only forty-three acres were sold, and only forty-three were intended to be conveyed.

But looking at the deed alone, there would be much reason for the belief that quantity rather than the rear line of

the tract was the important particular in mind, as that which should determine the rear boundary of the parcel which the one party was conveying and the other receiving. The land at the time was forest: it is not shown that the rear line of the tract was marked out and indicated by monuments; the land sold was of a defined width, and was to extend back into the woods, and contain a specified number of acres. The conclusion would not be an unnatural one that the quantity was in the minds of the parties as that which should limit the extent of the conveyance, rather than some line in the grantor's woods which was not a line of boundary between himself and any other proprietor, and, for any information we have in this record, may never have been run out or definitely located. It is not likely that the case often arises when quantity should be given controlling effect, but that it may be and must be in some cases may be seen in *Tuxbury v. French* 41 Mich. 7, and 44 Mich. 100; *Baldwin v. Brown* 16 N. Y. 359; *Higinbotham v. Stoddard* 72 N. Y. 94; *Nichols v. Turney* 15 Conn. 101; *Slater v. Rawson* 1 Met. 450; *Morse v. Rogers* 118 Mass. 572; *Winans v. Cheney* 55 Cal. 567; *Herrick v. Sixby* L. R. 1 P. C. 436.

But every such case must be decided upon its specific facts; what we are to do is to ascertain and give effect to the intent, if possible. *Jones v. Pashby* 48 Mich. 634; *Bell v. Sawyer* 32 N. H. 72; *Davis v. Rainsford* 17 Mass. 207. When we are satisfied which is the incorrect particular in the description we must reject it. *White v. Luning* 93 U. S. 514; *Anderson v. Baughman* 7 Mich. 69; *Wilt v. Cutler* 38 Mich. 189. The repugnancy in this case, if there was any, was between quantity very clearly defined, and a line in the woods not shown to have been seen or located, and for which, as a boundary, no special reason appears. As between these the bond tends very strongly to show, if it does not conclusively establish, that the quantity specified should control. And the plaintiffs should have been allowed to show any acts of the parties done conjointly upon the land itself, tending to show their understanding of the location of the rear line of the parcel conveyed, and especially [that] any stakes stuck

by them on a survey or measurement of the side lines of the land conveyed were stuck to indicate boundary, and also the declarations of Bonay, made previous to the time he parted with his title, which were adverse to the claim now set up under him. *Cook v. Knowles* 38 Mich. 316; *Jackson v. Davis* 5 Cow. 123; *Hewlett v. Cock* 7 Wend. 371; *Nichols v. Turney* 15 Conn. 101; *Shook v. Pate* 50 Ala. 91; *Smith v. Powers* 15 N. H. 546; *Morrill v. Foster* 33 N. H. 379; *Smith v. Forrest* 49 N. H. 230; *Wood v. Willard* 37 Vt. 377; *Powers v. Silsby* 41 Vt. 288; *Treat v. Strickland* 24 Me. 239.

It was stated on the argument, as a reason why the plaintiffs could not recover in this case, that on the trial, on their own theory of the case, they gave evidence of title to only a small part of the land in dispute. But this is immaterial now. If they established a title to any part of the land claimed, they would be entitled to recover it.

A new trial must be ordered.

The other Justices concurred.