FRENCH v. SPARROW-KROLL LUMBER CO.

1. Deeds—Timber—Removal—Reservation—Title in Præsenti.
   Complainant, in 1893, conveyed to B. the pine timber on a quarter section of land, granting to B. eight years to remove the same, and reserving to himself the timber standing at the end of the eight years. *Held,* that B. obtained title *in præsenti* to all pine timber actually removed within the prescribed period.

2. Same—Land—Exception—Construction.
   By deed in 1894, complainant having conveyed to F. the east half of the quarter section, excepting the pine timber "which was sold" to B., F. acquired title to all the timber not removed within the eight years.

3. Same.
   By deed in 1896, complainant having conveyed to W. the west half of said quarter section, excepting "certain pine trees now standing on said land," there was, in view of the evidence, excepted from the grant to W. the pine sold to B., and W. acquired title to the timber standing at the end of eight years.

4. Same—Bill to Quiet Title—Demurrer.
   Defendant having succeeded to the title of F. and W., on demurrer to the bill filed by complainant to quiet title, as complainant was without title, the demurrer was sustained.

Appeal from Houghton; Streeter, J. Submitted October 8, 1903. (Docket No. 20.) Decided January 12, 1904.

Bill by William D. French against the Sparrow-Kroll Lumber Company to quiet title to certain timber. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

*Ball & Ball*, for complainant.

*Chadbourne & Rees* (*Benton Hanchett*, of counsel), for defendant.

CARPENTER, J. On July 5, 1893, complainant, being the owner in fee of the northwest quarter of section 17, township 47 north, range 36 west, by a warranty deed conveyed to F. H. Begole, of Marquette, Mich., "all the pine timber situated and being" upon said land. By said conveyance said Begole, his heirs or assigns, were granted "eight years in which to remove said pine timber," and complainant expressly reserved "all pine timber standing and being upon the premises * * * at the expiration of eight years from the date hereof." January 26, 1894, said Begole sold and conveyed said pine timber to Edward W. Sparrow, of Lansing, Mich., who subsequently conveyed the same to the defendant. On the 1st day of October, 1894, complainant conveyed the east half of the quarter section of land above described to one Joseph I. Foote. Said deed contained this exception: "Excepting a fiew, or what pine timber there may be thereon, which was sold to F. H. Begole, of Marquette, Michigan." Said Foote conveyed to his wife, and she, on the 7th of December, 1900, conveyed said land to the defendant. On the 28th of July, 1896, complainant conveyed the west half of said land to one William E. Brimhall. Said deed contained this exception: "Excepting, however, from this conveyance, certain pine trees now standing on said land." Brimhall subsequently conveyed

said land to his wife, and she, on the 25th of February, 1901, conveyed the same to the defendant. Though the eight years given Begole, his heirs and assigns, to cut and remove said timber, expired on the 5th of July, 1901, said timber still stands on said land uncut, and both complainant and defendant claim the ownership of the same by reason of the foregoing facts. The land in question is wild and unoccupied, and is not in the actual possession of .either of the parties. Complainant commenced this suit in chancery, stating in his bill the foregoing facts, alleging that the claim of defendant tends to greatly depreciate the value of said pine timber and to interfere with its sale, and praying that his title may be forever quieted, and the defendant decreed to release all its pretended claims to the ownership of said timber. Defendant demurred to the bill on several grounds, of which we have occasion to consider but one, viz., that complainant has no title to the standing timber. The demurrer was sustained, and a decree made dismissing complainant's bill.

Does complainant own the standing timber? As the deeds of the land conveyed everything not excepted, this question will be answered by a proper construction of the exception. As the exception in the two deeds is expressed in different language, each will demand separate construction.

The deed to Foote: By this deed complainant conveyed his entire interest in the land, "excepting a fiew, or what pine timber there may be thereon, which was sold to F. H. Begole, of Marquette, Michigan." What is the proper construction of this exception? The case of *Strasson* v. *Montgomery*, 32 Wis. 52, is very nearly in point. There one Gleason, who owned the fee, conveyed to one White "all the trees and timber of every kind growing and being upon said premises," with the proviso that White should take off the trees and timber within four years. Gleason then conveyed the land to the plaintiff, "excepting and reserving a certain amount of timber heretofore sold to

Elias N. White." It was held that the plaintiff acquired by his deed the title to the timber not removed by White within the four years. We quote from that opinion:

" Whether the plaintiff was entitled to recover depends upon the construction which is given to the conveyance of the timber by Gleason to White, and the exception or reservation in the deed to the plaintiff. The former conveyance was of all the trees and timber on the premises, with the proviso that White should take the same off the land within four years, or by December 4, 1870. It is well settled on principle and by authority that the legal effect of the instrument is that Gleason thereby conveyed to White all of the trees and timber on the premises which White should remove therefrom within the prescribed time, and that such as remained thereon after that time should belong to Gleason, or to his grantee of the premises. * * * Having thus ascertained what Gleason conveyed to White, we are next called upon to determine the legal effect of the exception or reservation in the deed to the plaintiff. The language is ' Excepting and reserving a certain amount of timber heretofore sold to Elias N. White.' But we have already seen that the timber sold to White was only such as he should take off the premises by December 4, 1870. Hence the timber remaining on the premises after that date is not included in the above language, and is not excepted or reserved at all, unless * * *."

The court then proceeded to discuss an alternative not material to the case at bar.

We do not think the facts in the above case differ essentially from those in the case at bar, and, if we could approve the reasoning in that case, it would clearly lead to an affirmance of the decree of the court below. We do not think, however, that we can approve that reasoning. We cannot say that the legal effect of the conveyance to Begole was to convey the trees and timber on the premises which he should remove therefrom within the prescribed time. We think, under our decisions, we are bound to say that Begole obtained a title *in præsenti* in all the standing pine timber; a title which, it is true, would terminate at the end of eight years. *Hodges* v. *Buell*, 134 Mich. 162 (95 N. W. 1078), and authorities therein cited.

At the time the deed to Foote was executed, therefore, both complainant and Begole had an interest in all the standing pine, and therefore, in a strict legal sense, it is not true that there was any division, either actual or theoretical, between the trees sold to Begole and those which, by any possibility, he might never obtain. But in a popular sense there was such a division. Though complainant and Begole each owned an interest in every standing pine, at the end of eight years that interest would be severed. The practical effect of the conveyance, and its ultimate outcome, as this court has repeatedly declared, secured to Begole and his assigns only those trees which he actually removed in the prescribed period. In *Johnson* v. *Moore*, 28 Mich., at page 8, of such a transfer it was said: "It served to secure to Moore, as against Bradley, and all others having notice, the existing ownership of such of the timber as he should take off in 30 months." In *Utley* v. *S. N. Wilcox Lumber Co.*, 59 Mich., at page 269 (26 N. W. 491), it was said that "the sale was confined to such timber as should be cut and removed within the specified time." In *Williams* v. *Flood*, 63 Mich., at page 491 (30 N. W. 95), Justice CHAMPLIN said: "The effect of the whole transaction being a sale of so much of the timber as the vendee should remove from the land within the time limited."

Theoretically and popularly, then, it may be said that the standing pine was divided into two classes: *First*, that which was sold to Begole, which was limited to what he might remove in eight years; *second*, that which was reserved by complainant, which included all which Begole did not remove in the prescribed period. Nor do we think that we are entirely without evidence that complainant had in mind this classification. We quote from his deed to Begole:

"And the said William D. French, party of the first part, hereby grants unto the said party of the second part, his heirs or assigns, eight years in which to remove said pine timber; but he, the said party of the first part, ex-

pressly reserves unto himself all pine timber standing and being upon said premises at the expiration of eight years from the date hereof."

Does not this language both indicate and convey the thought of a distinction between the timber sold to Begole and the timber reserved by French?

In construing this exception, we are not compelled to assume that the language was used in its technical, legal sense. It is rather to be presumed, where, as in this case, the language was chosen, as the phraseology indicates, by a party ignorant of the law, that it was used in the popular sense. *Stebbins* v. *Stebbins*, 86 Mich., at page 482 (49 N. W. 294). Construing the exception upon this assumption, viz., the assumption that the clause, "which was sold to F. H. Begole," means the timber which Begole might remove in the prescribed period, effect is given to every word of the exception. If, on the other hand, we construe the exception, as it is urged by complainant we should, on the assumption that its language was used in a strict legal sense, we give to it the same effect as if it read, "excepting all the pine timber on said land," and thereby reject as surplusage, or at least give no effect whatever to, the limitation of the exception to the timber "which was sold to F. H. Begole." These words were apparently chosen with deliberation. Both sound principle and authority (see *Washington County Bank* v. *Jerome*, 8 Mich. 490; *Moran* v. *Lezotte*, 54 Mich. 83 [19 N. W. 757]) compel us to adopt a construction which makes them effectual, and to conclude, therefore, that there passed to Foote the title to all the timber not removed by Begole within eight years.

The Brimhall deed: The language of the exception in that deed is, "excepting, however, from this conveyance, certain pine trees now standing on said land." It is urged by complainant that, though the word "certain" is used, it is defined by the succeeding language, and that the exception, properly construed, extends to all the pine trees standing on the land. In support of this contention

we are referred to *Martin* v. *Bell*, 18 N. J. Law, 167. There a certain note was received from a partnership, "as collateral security for certain notes we hold of theirs." In speaking of this language, the court said: "The words * * * would, in sound legal and grammatical construction, apply to all such notes then held." But it was held competent in that case to show by extrinsic evidence precisely what notes it was intended should be secured.

While the language of the exception may admit of the construction claimed by the complainant, it implies a classification and a separation. It is difficult to understand why one should say that he excepted "certain pine trees now standing on said land" when he intended to except all the pine trees standing on said land. It is possible that a court might conclude that this language excepted all the pine timber, if there was nothing by which it could be limited to less. That, however, is not this case. We have furnished by complainant's bill evidence which, in our judgment, as already appears, shows that, in contemplation of the complainant, the timber standing on said land was divided into two classes, viz., that which was sold to Begole, and that which was reserved by complainant. We are thereby furnished with evidence which enables us to ascribe to the words of this exception their natural and appropriate meaning.

"It is a fundamental rule that, in the construction of contracts, the courts may look not only to the language employed, but to the subject-matter and the surrounding circumstances, and may avail themselves of the same light which the parties possessed when the contract was made." *Merriam* v. *United States*, 107 U. S., at page 441 (2 Sup. Ct. 540).

We are bound, therefore, to construe the language under consideration by the aid of this extrinsic evidence. Construing it by that aid, we must say that there is excepted from the grant of the Brimhall deed either the pine sold Begole or the pine not sold to Begole. We certainly cannot assume that complainant intended to except the

pine not sold to Begole, and to grant that which was sold to him.   We are therefore compelled to decide that there is excepted from this conveyance only the pine sold Begole, and it must therefore receive the same construction as the exception in the conveyance to Foote.

It follows that, in our judgment, complainant has no title to the pine in controversy, and the decree of the court below must therefore be affirmed.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred.   GRANT, J., did not sit.